### CINTRON RIVERA et al. v. BULL INSULAR LINE.
#### No. 4098.

Circuit Court of Appeals, First Circuit.
Nov. 7, 1947.

Martin Raphael of New York City (Arturo Ortiz Toro and Jorge Ortiz Toro, both of San Juan, Puerto Rico, on the brief), for appellants.

Rafael O. Fernandez, of San Juan, Puerto Rico (Charles R. Hartzell and Daniel F. Kelly, both of San Juan, Puerto Rico, on the brief), for appellee.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This action was brought by the plaintiffs to recover from the defendant ship company unpaid overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of § 16(b) of the Fair Labor Standards Act of 1938. 52 Stat. 1069, 29 U.S.C.A. §§ 201–219. The case was tried by the court without a jury and from the entry of judgment for the defendant appeal has been taken.

The plaintiffs, who were engaged in interstate commerce, may be divided into two groups; the first consists of gang-foremen in charge of stevedores, and the second group consists of Juan Gardon and Jose Angel Cintron Rivera, both of whom are timekeepers or paymasters. The lower court in its conclusions of law stated that the first group and Juan Gardon in the second were bona fide executives and therefore exempt from coverage by virtue of § 13(a) (1) of the Act.[1] It also concluded that even if it were in error in holding that the plaintiffs were not entitled to the benefits of the Act, they still could not recover because they had not established their claims by a preponderance of the evidence Juan Gardon, Jose Angel Cintron Rivera and Jose Hernandez (who had been a clerk but was later promoted to the position of foreman) had agreed in writing to report each week to the defendant any overtime worked by them. Hernandez and Cintron Rivera did on several occasions report such overtime work and received overtime pay. But the lower court found as a conclusion of law that all three were estopped from claiming that any unreported overtime had been worked, and even if there were no estoppel, the evidence presented by them as to the time worked was unreliable and could not be the basis of a judgment in their favor.

The plaintiffs contend that the gang-foremen and Juan Gardon were not bona fide executives. The Administrator has prescribed conditions which must be met before an employee is classified as an executive[2] and the burden of proving that all such requirements are met is upon the de-

---

[1] 29 U.S.C.A. § 213.

"(a) The provisions of sections 206 and 207 of this title shall not apply with respect to (1) any employee employed in a bona fide executive, administrative, professional, or local retailing capacity, or in the capacity of outside salesman (as such terms are defined and delineated by regulations of the Administrator) * * *."

[2] 29 Code Fed.Reg. § 541.1 (Cum.Supp. 1943) provides:

fendant. Walling v. General Industries Co., 1947, 330 U.S. 545, 547, 548, 67 S.Ct. 883. The trial court found that the foremen and Gardon were in charge of recognized sub-divisions of the defendant's organization; that they had under their order and direction other workers; that their recommendations as to discharges were followed and that they were compensated on a salary basis at more than $30 per week. It also found that though these plaintiffs occasionally did work of the same nature as that of the men under their management the amount of such work never exceeded twenty per cent of the number of hours worked by the men subject to their direction.

■ There was evidence that the foremen customarily and regularly directed the work of the employees under them and that the hold of a ship constitutes a customarily recognized sub-division of the defendant's establishment. It was undisputed that the foremen selected the stevedores who were to work under their supervision. The testimony showed that the foremen had discretion to take on more men when this was necessary and that they received no instructions on handling particular pieces of cargo from the superintendent since the "foreman knows more about it than the superintendent." The foremen themselves testified that the superintendent followed their recommendations as to discharging men from work.

The plaintiffs strongly urge that there is no basis for the finding that the foremen did not perform the same type of work as

nonexempt employees for more than twenty per cent of the hours worked by the men subject to their orders. Direct testimony on this point is meagre, but we cannot say that the trial court was clearly erroneous. Rule 52(a) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The foremen admitted that their work consisted merely of telling the stevedores exactly what to do, how to do the work and how to distribute the merchandise. They also stated that sometimes when there were delicate or big pieces of load they would help. Upon consideration of the entire record as well as of this and similar testimony, the trial court could reasonably infer that such work as was of the same type as that done by the stevedores was only incidental and did not exceed twenty per cent of the hours worked by the stevedores.

■ Similarly, there is sufficient evidence to support the findings on which the court based its conclusion that Gardon was an executive. There was testimony that he was the head paymaster; that he was in charge of the office where the timekeepers worked; that he had a messenger under his orders; that the other timekeepers worked under him and that he made recommendations for promotions which were generally followed. As in the case of the foremen, there was testimony from which the court could infer that any ordinary timekeeper's work he did was only incidental and did not exceed twenty per cent of the time spent by the timekeepers under his supervision. Because we have found that there is evidence to support the trial court's de-

"Executive. The term 'employee employed in a bona fide executive * * * capacity' in section 13 (a) (1) of the Act shall mean any employee:

"(a) Whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, and

"(b) Who customarily and regularly directs the work of other employees therein, and

"(c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of

status of other employees will be given particular weight, and

"(d) Who customarily and regularly exercises discretionary powers, and

"(e) Who is compensated for his services on a salary basis at not less than $30 per week (exclusive of board, lodging, or other facilities), and

"(f) Whose hours of work of the same nature as that performed by non-exempt employees do not exceed 20 percent of the number of hours worked in the workweek by the nonexempt employees under his direction: Provided, That this paragraph shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment."

termination that the gang-foremen and Gardon were executives, we do not reach the question of the sufficiency of the evidence to establish the number of hours worked by them.

■ The further contention is made that the district court's conclusion that Gardon, Cintron Rivera, and Hernandez were estopped to claim overtime was erroneous. Since we have affirmed the trial court's determination that Gardon and Hernandez [3] were executives we need not consider the question of estoppel on their appeal. As regards Cintron Rivera, it is enough to say that the trial court did not exceed its authority in disregarding the evidence submitted by him. The court considered at least part of his testimony to be inaccurate, self-contradictory and unreliable and was in a position to judge its credibility.

■ Whether or not Cintron Rivera is technically estopped to claim overtime pay now when he did not report it at the time he agreed to—which we do not now decide—his failure to do so could be considered by the trial judge in determining the truth of his claim and the weight, if any, to be accorded his records. Cf. Fox v. Summit King Mines, D.C.D.Nev. 1943, 48 F.Supp. 952, affirmed, 9 Cir., 1944, 143 F.2d 926; Collins v. Burton-Dixie Corp., D.C.W.D.S.C. 1944, 53 F.Supp. 821. The trial court could reasonably infer from comparison with the other evidence that Cintron Rivera's record of his time was not a day-by-day record, but mere guess work. It was not clearly erroneous in deciding that the evidence presented was unreliable. We cannot say as a matter of law that the testimony compelled a finding and judgment in Cintron Rivera's favor. Therefore, even if there is no estoppel, he cannot recover.

■ Plaintiffs also protest the district court's refusal to admit in evidence the conclusion reached by the local office of the Wage and Hour Division, as to whether the gang-foremen were executives. The trial court ruled that the attorney for the local office could testify as to any facts in his knowledge pertinent to the case. What the court refused to allow was the introduction of the bare conclusion of the local office. If the plaintiffs' contention is only that this should have been allowed in evidence, the error, if any, was not prejudicial, since the local office of the Wage and Hour Division was allowed to submit a brief as amicus curiæ, in which its determination of the status of the foremen was set forth.

■■ But the plaintiffs evidently intended to allege that the trial court committed error in not giving the proper weight to the determination. They rely on numerous cases which hold that the Regulations and Interpretative Bulletins of the Administrator should be given great weight. But instead of a regulation which may have the force of law, or an interpretative bulletin propounding standards and principles, giving the Administrator's interpretation of the Act, what the plaintiffs sought to introduce was a determination by a local division of the very question of fact the trial court was considering, namely, whether the foremen were executives. Walling v. Reid, 8 Cir., 1943, 139 F.2d 323, is cited to us by the plaintiffs as authority for their contention. But that case, stating that Interpretative Bulletins are persuasive on the courts, is not in point. The Bulletin there involved contained the Administrator's determination that establishments which process and print exposed film for drug stores, hotels, etc., are not "retail establishments" within the meaning of the Act, but manufacturers of pictures, and thus not exempt. The Bulletin thus stated standards which the courts could consider in determining individual cases. Here, however, the plaintiffs sought to introduce a determination of this very case. If it were accepted there would be no opportunity for the defendant to show that the determination was inapplicable to it. We find no merit in the argument that such conclusions of local offices should be accorded weight by the courts.

The judgment of the District Court is affirmed.

---

[3] For part of the time covered by the complaint, Hernandez was admittedly not an executive. But the Court found—and its findings are supported by the record—that for this period he had received all overtime pay due him.