PABLO MALDONADO Y OTROS, querellantes y recurridos, *v.* EASTERN SUGAR ASSOCIATES, hoy C. BREWER PUERTO RICO, INC., querellada y recurrente; ASO. PRODUCTORES DE AZUCAR DE PUERTO RICO, *amicus curiae.*

*Número:* R-64-191          *Resuelto:* 18 de marzo de 1966

*Sifre, Ruiz-Suria & Sifre* y *Baltazar Corrada del Río,* abogados de la recurrente; *Vicente Géigel Polanco* y *Vicente Géigel Lanuza,* abogados de los recurridos; *Fiddler, González & Rodríguez* y

*Manuel Hernández Penzol,* abogados de la Asociación de Productores de Azúcar de Puerto Rico, *amicus curiae.*

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Los reclamantes son azucareros de oficio. Reclamaron a la compañía azucarera a la cual rendían servicios el importe de las horas extraordinarias trabajadas durante las zafras de 1948 a 1949. Por estipulación se dictó sentencia el 25 de enero de 1963 condenando a la querellada a pagar $73,882.14. Se entendió que a la luz de lo resuelto en *Laborde* v. *Eastern Sugar Associates,* 81 D.P.R. 478 (1961) y los casos que le siguieron, la disposición del convenio vigente durante esos años que estableció una suma global en pago de todas las horas trabajadas—regulares y extras—durante una semana era nula. Expresamente se hizo constar que la sentencia dictada no incluía la reclamación correspondiente a los años 1960 a 1962 inclusive. En un nuevo convenio firmado a fines del año 1959 y que tuvo vigencia hasta la zafra de 1963 las partes convinieron una nueva fórmula para determinar el jornal de los azucareros. Dispuso así:

"La duración de la zafra dentro de los términos de este Convenio comprenderá veintitrés (23) semanas a partir de la fecha en que comience la zafra.

"En cuanto a jornales o sueldos, tanto para los primeros azucareros como para los segundos, si los hubiere, serán los que se indican a continuación:

"*Zafra de 1960*—Tomando como base el sueldo básico convenido para cada azucarero durante la zafra de 1959, divídase este sueldo básico por 1104 y se tendrá el salario de los azucareros por cada una de las primeras cuarenta horas de cada semana; pero a los azucareros se les asegurará una labor de no menos de ocho horas al día durante los días regulares y de 48 horas a la semana. Cualquier hora que se trabaje durante la semana en exceso de 40 horas y hasta 48 se pagará a tiempo sencillo. . . ."

El 24 de julio de 1963 se radicó una alegación complementaria reclamando el importe de las horas extras entre la 40 y la 48 correspondientes al período comprendido entre los años 1960 a 1963 inclusive. Se alegó que el nuevo convenio adolecía del mismo defecto que el anterior. A esta última reclamación la querellada se opuso. El juez de instancia la declaró con lugar y expedimos el presente recurso para revisar su actuación.

La reclamación original de los querellantes—la comprendida en la sentencia dictada por estipulación que incluyó los años de 1948 al 1959—se basó en que no se le había satisfecho el importe de las horas en exceso de cuarenta trabajadas durante las semanas que duró la zafra.

La querellada alega que no procede la reclamación correspondiente a los años de 1960 a 1963. La contención de la querellada, según fue sometida la cuestión al juez de instancia mediante estipulación, es al efecto de que conforme al convenio que empezó a regir en enero de 1960 las partes de común acuerdo establecieron un tipo por hora que resulta de dividir el sueldo básico convenido por 1104; que dicho tipo por hora establecido por las partes es el que debe tomarse como base para pagar las horas hasta 40 horas a la semana a tipo sencillo y las horas de 40 a 48 horas a la semana a tipo sencillo.

La de los querellantes es en el sentido de que el jornal básico convenido hay que dividirlo por 920 para determinar el tipo por hora, para pagar las horas de 40 a 48. Sostienen que como la semana de trabajo durante la zafra es de 40 horas y el contrato comprendía 23 semanas, 920 es el divisor correcto y no 1104 ya que este último resulta de considerar la semana de trabajo como de 48 horas. ([1])

Según la estipulación sometida, así operó a los fines de pagar la compensación, la disposición del convenio antes transcrita:

---

([1]) $40 \times 23 = 920$.
$48 \times 23 = 1104$.

"A) Si un azucarero trabaja 40 horas o menos durante cierta semana y ninguna de dichas horas resulta ser en exceso de ocho horas en un período de veinticuatro horas o en el día de descanso, la querellada le paga en esa semana la compensación que resulta de multiplicar el tipo por hora establecido en el Convenio por el número de horas trabajadas. En vista de que en el Convenio se les garantizaba a los querellantes un mínimo de 48 horas de trabajo a la semana, al terminar la semana la querellada le liquidaba a los querellantes la diferencia entre las horas efectivamente trabajadas y las 48 horas garantizadas en los casos en que el número de horas efectivamente trabajadas fuera menor de 48 horas. Igualmente si al terminar la zafra algún querellante no había trabajado 23 semanas la querellada le pagaba hasta completar las 23 semanas garantizadas por el Convenio.

"B) Si un azucarero trabaja más de 40 horas a la semana pero menos de 48 horas a la semana y ninguna de dichas horas resulta ser en exceso de ocho horas en un período de veinticuatro horas o en el día de descanso, la querellada le paga a aquél las primeras 40 horas a tipo sencillo, tomando como base el tipo por hora establecido en el Convenio Colectivo y las horas entre 40 y 48 horas a la semana a tipo sencillo tomando como base el tipo por hora establecido en el Convenio Colectivo; si el azucarero trabaja más de 40 horas pero menos de 48 horas, la querellada al terminar la semana le completa el pago hasta 48 horas en vista de la garantía establecida en el Convenio Colectivo. Igualmente si al terminar la zafra algún querellante no había trabajado 23 semanas la querellada le pagaba hasta completar las 23 semanas garantizadas por el Convenio.

"C) Si un azucarero trabaja horas en exceso de ocho horas en un período de veinticuatro horas tales horas se computan a razón de doble el tipo por hora establecido en el Convenio Colectivo independientemente del número de horas trabajadas durante dicha semana y dicha compensación se hace por encima y en adición a la compensación de las horas hasta 40 horas o entre 40 y 48 horas trabajadas durante dicha semana.

"D) Si un azucarero trabaja durante el séptimo día de trabajo, las horas trabajadas se compensan a razón de doble el tipo por hora establecido en el Convenio Colectivo y dicha compensación se hace por encima y en adición a la compensación de las horas hasta 40 horas a la semana, o entre 40 y 48 horas

a la semana, o en exceso de ocho horas durante un período de veinticuatro horas."

Al resolver la cuestión planteada el juez sentenciador expresó:

"Considerando que la jurisprudencia, al interpretar las leyes aplicables, consistentemente ha establecido que la semana regular de trabajo durante la zafra en la industria azucarera es de 40 horas, somos de opinión que el divisor a ser utilizado para determinar el salario de los azucareros por cada una de las primeras 40 horas de cada semana debe ser 920, que equivalen a 23 semanas de zafra calculadas a base de 40 horas laborables por semana.
"El Convenio Colectivo, en cuanto a este extremo, es nulo y sin valor alguno por haber sido el mismo celebrado en violación de la ley y la jurisprudencia."

El tribunal de instancia falló así porque entendió que la querellada "con el salario que correspondía a las 40 horas semanales el patrono pagó las 40 regulares y las que excedían de 40 a la semana en clara violación de la ley". En virtud de esta conclusión determinó lo siguiente "Asiste, pues, derecho a todos los querellantes que trabajaron durante algunas o todas las zafras de 1960 a 1963 inclusive a recibir compensación de las horas de 40 a 48 garantizadas por el convenio independientemente de que las hubieren trabajado, y tales horas extras semanales deben liquidarse y pagarse a tipo sencillo, tomando como base para determinar el tipo sencillo la suma englobada convenida como compensación o salario básico para las 23 semanas regulares de trabajo de cada una de dichas zafras y el divisor de 920, que el correspondiente matemáticamente a 23 semanas de 40 horas".

De la estipulación firmada por las partes no surge la afirmación del juez de instancia de que "con el salario que correspondía a las 40 horas semanales, el patrono pagó las 40 regulares y las que excedían de 40 a la semana".

Expresamente se estipuló que "si un azucarero trabaja más de 40 horas a la semana pero menos de 48 horas a la semana y ninguna de dichas horas resulta ser en exceso de

ocho horas en un período de veinticuatro horas o en el día de descanso, la querellada le paga a aquél las primeras 40 horas a tipo sencillo, tomando como base el tipo por hora establecido en el Convenio Colectivo y las horas entre 40 y 48 horas a la semana a tipo sencillo tomando como base el tipo por hora establecido en el Convenio Colectivo; si el azucarero trabaja más de 40 horas pero menos de 48 horas, la querellada al terminar la semana le completa el pago hasta 48 horas en vista de la garantía establecida en el Convenio Colectivo. Igualmente si al terminar la zafra algún querellante no había trabajado 23 semanas la querellada le pagaba hasta completar las 23 semanas garantizadas por el Convenio."

Que esto es así lo confirma la disposición anteriormente copiada en relación con la compensación correspondiente al año 1960 al efecto de que "[t]omando como base el sueldo básico convenido para cada azucarero durante la zafra de 1959, divídase este sueldo básico por 1104 *y se tendrá el salario de los azucareros por cada una de las primeras cuarenta horas de cada semana . . .*". (Énfasis suplido.)

En cuanto a la forma de determinar el salario por hora se convino entre las partes que se hacía dividiendo la suma englobada convenida por 1104. El juez de instancia concluye que es nulo el convenio en esta parte porque se debió haber convenido que el divisor fuera 920 en vez de 1104. El razonamiento del juez sentenciador se basa en que según su criterio la semana regular de trabajo en la industria azucarera en la fase fabril durante la zafra es de 40 horas y habiendo convenido los querellantes un salario global por 23 semanas de zafra, al dividir por 1104 para determinar el salario por hora estaban considerando la semana regular de trabajo como de 48 horas, cuando según el juez era de 40, por lo que el divisor debía ser 920.

El Art. 5 de la Ley Núm. 379 de 1948 establece que "para determinar el tipo de salario convenido para horas regulares de trabajo, se dividirá el salario diario, semanal, mensual, o en otra forma estipulado, por el número de *horas regulares*

que se trabaje durante ese mismo período de acuerdo con las disposiciones de esta ley". (Énfasis suplido.) Estableciendo la ley que para determinar el tipo de salario convenido para las horas regulares, se dividirá el salario máximo diario, semanal, mensual o en otra forma estipulado por el *número de horas regulares* que se trabaje durante ese período procede determinar cuál es la jornada semanal regular en la fase fabril de la industria azucarera durante el tiempo de zafra. Una vez determinada cuál es la jornada regular semanal se multiplicará por 23 que es el número de semanas por las cuales se convino un pago global. Ver *Berríos* v. *Eastern Sugar Associates*, 79 D.P.R. 688 (1956).

◼ La Ley Núm. 379 de 1948 en su tercer artículo dispuso que "son horas regulares de trabajo ocho horas durante cualquier período de veinticuatro horas consecutivas, cuarenta y ocho horas durante cualquier semana y doscientas ocho durante cualquier mes".

El Decreto de Salario Mínimo Núm. 3, vigente en cuanto a condiciones de trabajo en virtud de las disposiciones de la Ley Núm. 96 de 26 de junio de 1956, estableció que "ningún patrono empleará a trabajador alguno en la fase industrial de la industria del azúcar durante el llamado 'tiempo muerto' por más de 40 horas en cualquier semana de trabajo . . .".

◼ La Ley Federal de Normas Razonables de Trabajo establece en su Sec. 207(a) que cuarenta horas constituye la jornada semanal de trabajo para las industrias cubiertas por dicha ley, pero el inciso (c) de la referida sección expresamente exime de esta disposición a la fase fabril de la industria azucarera durante la zafra. (²)

---

(²) Dispone así la Sec. 207(c):

"En el caso de un patrono dedicado a la elaboración primaria de leche, leche agria, suero, leche desnatada o crema en sus productos derivados . . . o en la conversión de remolacha, mieles de remolacha, caña de azúcar . . . en azúcar (aunque no en azúcar refinada) o en sirope, las disposiciones del subinciso (a) de este título no serán aplicables a sus empleados. . . ."

■ La Ley Núm. 379 establece una jornada semanal regular de 48 horas. La Ley Federal de Normas Razonables de Trabajo exime expresamente a la fase fabril de la industria durante la zafra de sus disposiciones y el Decreto Mandatorio Núm. 3 limita la jornada semanal de 40 horas al tiempo muerto. Ver *Berríos* v. *Eastern Sugar Associates*, supra. Así la jornada regular de trabajo durante una semana en la fase fabril de la industria azucarera durante la zafra es de 48 horas.

■ Esta conclusión concuerda con lo que resolvimos en *Laborde* v. *Eastern Sugar Associates*, supra, y *Berríos* v. *Eastern Sugar Associates*, supra, al efecto de que durante la zafra las horas en exceso de 40 a la semana hasta 48 se pagarán a tipo sencillo. Es incorrecta la conclusión del juez sentenciador al efecto de que siendo la semana regular de trabajo durante la zafra en la industria azucarera de 40 horas, había que dividir el salario global convenido por 920. Siendo la semana regular de trabajo de 48 horas, es errónea la determinación del tribunal de instancia de que es nulo el convenio en la parte que dispuso que para determinar el salario de los azucareros por cada una de las primeras cuarenta horas de cada semana, se dividiría la suma global convenida para las 23 semanas de zafra por 1104.

*Procede por lo expuesto revocar la sentencia recurrida y declarar sin lugar la demanda.*