ANGEL SÁNCHEZ, demandante y recurrente, *v.* BEST PRICE COMPANY, INC., demandada y recurrida.

*Número:* R-73-215      *Resuelto:* 31 de mayo de 1974

*José Alberty Orona,* abogado del recurrente; *Ramón Lloveras Otero* y *Carlos A. Schime,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El querellante tenía a su cargo una tienda operada por la querellada en el Centro Comercial Norte. Alega que trabajó en exceso de ocho horas diarias y cuarenta semanales. Recibía un sueldo fijo de $275.00 mensuales más una comisión indeterminada de acuerdo al volumen de ventas cada mes. Reclamó el importe de las horas extras trabajadas de noviembre de 1968 a noviembre de 1970. La querellada levantó la defensa afirmativa de que el querellante era un "ejecutivo", excluido de la protección de la Ley Núm. 379 por su Art. 19 (29 L.P.R.A. sec. 288), según se define dicho término en el Reglamento del Secretario del Trabajo sobre Horas y Días de Trabajo, 29 R.&R.P.R. sec. 286–11. Se estipuló la aplicabilidad de la Ley Federal de Normas Razonables, 29 U.S.C.A. sec. 201 *et seq.* a la empresa querellada, y que el querellante reunía todos los requisitos del Reglamento para cualificar como "ejecutivo" excepto el relativo a la compensación semanal.

El tribunal de instancia declaró con lugar la querella solo en cuanto a los meses en que la retribución total del querellante (sueldo básico más comisión) no excedía el mínimo del Reglamento para cualificar como "ejecutivo". A petición del querellante, expedimos un auto para revisar esa determinación.

La Ley Núm. 379 de 1948 no define el término "ejecutivo". No fue hasta el 15 de enero de 1952 que comenzó a regir un Reglamento aprobado por el Secretario del Trabajo definiendo los términos "ejecutivo", "administrador" y "profesional", excluidos del término "empleado" por el Art. 19 de

la Ley Núm. 379 (29 L.P.R.A. sec. 288), *Piñán* v. *Mayagüez Sugar Co., Inc.*, 84 D.P.R. 89 (1961). En dicho Reglamento, según enmendado, se incorporó, entre otros, el siguiente requisito para ser "ejecutivo":

"(V) que reciba por sus servicios una compensación fija equivalente al sueldo semanal de $115, excluyendo alimentos, viviendas u otros servicios."

La exclusión de un empleado de los beneficios de la legislación laboral debe ser clara y debe interpretarse restrictivamente. *Municipio de Guaynabo* v. *Tribunal Superior*, 97 D.P.R. 545 (1969); *Phillips Inc.* v. *Walling*, 324 U.S. 490 (1945). Hemos sostenido en repetidas ocasiones que es preciso que concurran todos los requisitos que enumera el Reglamento para cualificar como ejecutivo. *Piñán* v. *Mayagüez Sugar Co.*, supra; *Calderón* v. *Esso Standard Oil Co.*, 92 D.P.R. 129 (1965); *López Santos* v. *Tribunal Superior*, 99 D.P.R. 325 (1970).

Es de rigor señalar que tratándose, según estipularon las partes, de una empresa cubierta por la Ley Federal de Normas Razonables, es aplicable la denominada "regla de mayor beneficio" elaborada al amparo de la Sec. 18 de dicha ley, 29 U.S.C.A. sec. 218, *Marrero Cabrera* v. *Caribbean Refining Co.*, 93 D.P.R. 250 (1966); *Laborde* v. *Eastern Sugar Associates*, 81 D.P.R. 478 (1959).

La ley federal, en su Sec. 13, 29 U.S.C.A. sec. 213, excluye de su protección a "ejecutivos", "profesionales" y "administradores". Estos términos aparecen definidos en 29 Code of Federal Regulations, sec. 541 *et seq*. Para cualificar como "ejecutivo" bajo dicho reglamento es necesario que el empleado reciba un salario de $115 por semana. Esta cifra coincide con la establecida en el Reglamento promulgado por el Secretario del Trabajo, 29 R.&R.P.R. sec. 286–11, *supra*. Esta disposición del Reglamento Federal ha sido interpretada en el sentido de que un empleado queda exento de la ley si recibe un sueldo fijo y garantizado de por lo me-

nos $115 semanal. *McReynolds* v. *Pocahontas Corp.*, 192 F.2d 301 (4th Cir. 1951); Anotación—*Sueldos y Horas— Ejecutivos*, 40 A.L.R.2d 332. Ver *Retail Store Employees Union* v. *Drug Fair-Community Drug Co.*, 307 F.Supp. 473 (1969).

▉ En *Castro* v. *Lykes Lines Agency*, 145 F.Supp. 94 (1956) (Ruiz Nazario, J.), la Corte de Distrito Federal para el Distrito de Puerto Rico sostuvo que bajo la Sec. 286-11, *supra*, un empleado que reciba una compensación variable dependiendo del turno de trabajo que le toque, no cualifica como ejecutivo, siendo necesario para ello que reciba la misma compensación en cada período. Concurrimos con este criterio. El hecho de que el querellante recibiera comisiones en adición a su sueldo predeterminado, cuyas comisiones son proporcionales al volumen de ventas realizadas en cada período de paga, no satisface el requisito del sueldo fijo mensual para convertir a éste en un "ejecutivo". La realidad es que al querellante se le pagaba un sueldo básico mensual por sus servicios; para efectos de determinar su *status* bajo la Ley Núm. 379 de 1948 y sus reglamentos, este sueldo fijo y garantizado es el único que debe utilizarse.

▉ En los otros señalamientos alega el recurrente que en los cómputos que le sometió al tribunal se equivocó al determinar el tipo por horas al utilizar una fórmula de una semana regular de 48 horas cuando procedía, por ser aplicable la ley federal, utilizar una fórmula de 40 horas. En *Srio. del Trabajo* v. *Fajardo Eastern Sugar*, 97 D.P.R. 226 (1969), resolvimos que la frase "horas que se trabaje" contenida en el Art. 5 de la Ley Núm. 379 debe leerse como horas regulares sujetas a ser trabajadas. Como bajo la legislación federal las horas regulares sujetas a ser trabajadas son 40 semanales, éste debe ser el divisor.

Finalmente alega el recurrente que: "los honorarios de abogado concedidos no guardan razonable proporción con la suma adjudicada, ni con la naturaleza del pleito o causa de

acción instada, ni con la labor desplegada por el abogado."

Visto lo expresado en *Feliciano* v. *P.R. Express Co.*, 67 D.P.R. 377 (1947), resolvemos que debe aumentarse los honorarios de abogado a $1,500.

Por las razones antes indicadas, *se revocará la sentencia del tribunal de instancia y se devolverá el caso para que se vuelva a calcular el salario adeudado al recurrente a la luz de las anteriores determinaciones.*

El Juez Asociado Señor Torres Rigual, concurre en el resultado. Los Jueces Asociados Señores Rigau y Díaz Cruz, no intervinieron.