OCTAVIO BÁEZ, JOSÉ SEPÚLVEDA Y OTROS, demandantes y recurridos, *v.* ESSO STANDARD OIL COMPANY (PUERTO RICO), demandada y recurrente; FRANK ZORRILLA, SECRETARIO DEL TRABAJO DEL E. L. A. DE P. R., ETC, demandantes y recurridos, *v.* ESSO STANDARD OIL COMPANY (PUERTO RICO), demandada y recurrente.

*Número:* R-74-212        *Resuelto:* 14 de febrero de 1975

*R. Rodríguez Lebrón,* abogado de la recurrente; *Miguel J. Ríos Lugo,* abogado de Octavio Báez y otros, recurridos; *Angel*

*Alfonso Colón, Rafael A. Marzán Robles* y *Mario Zayas Carlo,* abogados del Departamento del Trabajo, recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

En una extensa y documentada sentencia en la cual el Tribunal Superior, Sala de San Juan, resolvió varias controversias de derecho relacionadas con las querellas presentadas por numerosos obreros contra su patrono Esso Standard Oil Company (Puerto Rico) (¹)—en lo referente a la fórmula a usarse en la determinación del salario regular por hora como base para computarse el importe de las horas extras—se pronunció del siguiente modo: ". . . el tipo regular por hora se determinará dividiendo entre el número de horas regulares *realmente trabajadas* el salario devengado en la semana de que se trate." (Bastardillas nuestras.)

Expedimos auto de revisión al solo efecto de examinar tal fórmula en las siguientes situaciones:

"1. Empleados que teniendo una jornada regular de trabajo de cuarenta horas a la semana, estuvieren ausentes justificadamente conforme la práctica observada por el patrono que se expresa en el párrafo 5 de la Estipulación de las partes, y quienes se presentaren a trabajar un día de esa misma semana y trabajaren más de ocho horas regulares.

2. Empleados que dada la naturaleza especial de su trabajo, tenían una jornada irregular de labor que podía variar de semana en semana pero quienes, conforme a los términos del convenio colectivo, tenía un salario semanal determinado predicado en una jornada de trabajo de cuarenta horas." (²)

---

(¹) Le son aplicables a esta empresa las siguientes leyes: Ley de Normas Razonables del Trabajo Federal de 1938 según enmendada, 29 U.S.C.A. sec. 201 *et seq.* Ley Núm. 379 de 15 de mayo de 1948 (29 L.P.R.A. sec. 271 *et seq.*) ; y el Decreto Mandatorio Núm. 16 de la Junta de Salario Mínimo de Puerto Rico, en vigor desde el 1 de octubre de 1949 (29 R.&R.P.R. secs. 245n–274 a 245n–278).

(²) La práctica del patrono referida en nuestra Resolución, según el párrafo quinto de la Estipulación sometida por las partes al tribunal de instancia, refleja que el patrono satisfacía a sus obreros paga completa equivalente a 40 horas de trabajo—horario regular semanal—irrespectivamente de que por causas justificadas, el empleado en cuestión estuviese ausente cualquier día durante dicho período. Si durante dicho

■ Debe modificarse la sentencia del tribunal a quo, ya que conforme la doctrina jurisprudencial existente expuesta en *Srio. del Trabajo* v. *Fajardo Eastern Sugar*, 97 D.P.R. 227 (1969) y reiterada en *Sánchez* v. *Best Price Co., Inc.*, 102 D.P.R. 379 (1974), el método correcto consagrado en la disposición legal aplicable—Art. 5 de la Ley Núm. 379 de 15 de mayo de 1948, según enmendada([3])—es el siguiente:

"Cuando el Art. 5 de la Ley Núm. 379 dice que '[p]ara determinar el tipo de salario convenido para horas regulares de trabajo se dividirá el salario diario, semanal, mensual *o en otra forma estipulado*, por el número de horas regulares *que se trabaje* durante ese mismo período de acuerdo con las disposiciones de esta Ley', la frase 'horas regulares que se trabaje' significa las horas regulares susceptibles o sujetas a ser trabajadas durante el período, y no las que un determinado obrero, por razones personales, u otras razones, de hecho hubiera trabajado durante el período. En otras palabras, la frase 'horas regulares *que se trabaje*' debe leerse como horas regulares sujetas a ser trabajadas, en un período de compensación determinado."

período semanal, trabajaba un día horas en exceso de ocho (8), se le compensaba las mismas como horas extras, utilizando el horario regular semanal de 40 horas como divisor para determinar el tipo por hora.

([3]) Dispone así:

"Todo patrono que emplee o permita que trabaje un empleado durante horas extras vendrá obligado a pagarle por cada hora extra un tipo de salario igual al doble del tipo convenido para las horas regulares; Disponiéndose, sin embargo, que todo patrono de una industria de Puerto Rico cubierta por las disposiciones de la Ley de Normas Razonables de Trabajo, aprobada por el Congreso de Estados Unidos de América en 25 de junio de 1938, según ha sido o fuere subsiguientemente enmendada, sólo vendrá obligado a pagar por cada hora de trabajo en exceso de la jornada legal de ocho (8) horas o en exceso de cuarenta (40) horas a la semana un tipo de salario a razón de, por lo menos, tiempo y medio del tipo de salario convenido para las horas regulares, salvo el caso en que por decreto de la Junta de Salario Mínimo o convenio colectivo de trabajo se haya fijado o fijare otra norma de trabajo o de compensación, o de ambas. *Para determinar el tipo de salario convenido para horas regulares de trabajo, se dividirá el salario, diario, semanal, mensual o en otra forma estipulado, por el número de horas regulares que se trabaje durante ese mismo período de acuerdo con las disposiciones de esta ley.*" (Bastardillas nuestras.)

La tesis propuesta por los querellantes en el caso de autos, que encontró apoyo en el tribunal sentenciador, conduciría a onerosas e irremediables consecuencias[4] ya que equivale a sostener que mientras menos horas regulares trabaje un obrero, mayor será la cuantía o tipo de jornal por hora y por ende, la compensación extraordinaria. Además el jornal por hora fluctuaría semanalmente por razón de tomarse como base las horas *realmente* trabajadas, inyectándose en el dinámico campo de las relaciones obrero-patronales una inestabilidad poco deseada y no contemplada en las leyes que regulan la materia. La protección constitucional consagrada en la Carta de Derechos de nuestra Constitución[5] en torno a jornada ordinaria—manifestada e implementada en virtud de las leyes obrero-patronales vigentes—recoge el concepto "hora" como medida compensatoria, a la cual a los fines de cualquier cómputo hay que llegar a través de la fórmula dispuesta en el Art. 5 de la Ley Núm. 379 antes mencionada.

_____

[4] Por vía de ilustración y utilizando uno de los ejemplos consignados por las partes en el pliego de Estipulación presentado ante el tribunal de instancia, un empleado ausente de lunes a jueves justificadamente que trabajó el viernes diez horas (ocho regulares y dos extras), y el patrono le compensó conforme la práctica prevaleciente por 40 horas tendría derecho a que su salario por hora se determinara dividiendo el salario regular devengado durante dicha semana a base de ocho horas regulares; ello representaría que aún habiéndosele pagado por 40 horas regulares semanales se dividiría entre las ocho horas realmente trabajadas.

La consecuencia del ejemplo antes expuesto y en otras situaciones con variantes propios resultaría en la misma conclusión: mientras menos horas regulares se trabaje, mayor será el salario por horas regulares.

La fórmula del tribunal sentenciador sólo sería estable en aquellas situaciones en que el empleado realmente trabaje menos de 40 horas regulares a la semana mediando ausencias injustificadas o cuando debido a la naturaleza del trabajo trabajaba menos de dicho número de horas regulares, y el patrono sólo le compensaba las horas realmente trabajadas, coincidiendo en este caso las horas regulares realmente trabajadas con las horas compensadas. Debido a que el sueldo semanal devengado dependería de las horas regulares compensadas, no siendo fijo el sueldo semanal —a diferencia del primer ejemplo—el salario por horas regulares permanecería constante.

[5] Sec. 16, Art. II de la Constitución del Estado Libre Asociado de Puerto Rico.

■ Habiéndose estipulado en el caso de autos, por razón del Convenio Colectivo, un sueldo determinado según el puesto de la persona y una jornada de trabajo específica, la fórmula para obtener el salario regular por hora consiste en utilizarse el salario estipulado como dividendo y el período laborable determinado como divisor, ello independientemente de las horas fluctuantes realmente trabajadas. Sólo así el salario regular por horas resulta constante y estable en las dos situaciones expuestas en nuestra Resolución expidiendo el auto. (⁶)

En virtud de lo expuesto *se dictará sentencia modificándose la emitida por el Tribunal Superior, Sala de San Juan en 5 de abril de 1974 a los fines de que el tipo de salario por hora sea computado de conformidad con la fórmula antes consignada.*

El Juez Presidente Señor Trías Monge no intervino.

---

(⁶) Al referirnos en nuestra Resolución a empleados irregulares aludíamos a la circunstancia de que varios obreros frecuentemente trabajaban menos de cuarenta horas regulares a la semana y no a que estuviesen así caracterizados en el Convenio Colectivo.