JUAN SUÁREZ PÉREZ, demandante, apelante y apelado, *v.* GUSTAVO HERNÁNDEZ PASTRANA, demandado, apelado y apelante.

Núm. 7743.—*Sometido:* Noviembre 7, 1939. *Resuelto:* Marzo 8, 1940.

*Luis Muñoz Morales* y *José Suárez Zengotita,* abogados del apelante apelado; *Ignacio Hernández Pastrana* y *Clemente Ruiz Nazario,* abogados del apelado apelante.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los hechos en que se basa la demanda, brevemente expuestos, son como sigue: el primero de octubre de 1931 la viuda y los siete hijos de Mariano Hernández, en su carácter de únicos herederos del mismo, otorgaron escritura a favor del demandado Gustavo Hernández Pastrana, adjudicando a éste en pago de su haber hereditario cuatro fincas rústicas valoradas en $42,000. En la escritura se hizo constar que sobre dos de las fincas adjudicadas al demandado, descritas bajo las letras "A" y "B," y sobre otra finca de 92 cuerdas descrita bajo la letra "E" pesaban hipotecas constituídas por el anterior dueño y que habían quedado reducidas a la suma total de $26,542.61. Sobre la finca "E," según el Registro, pesa una hipoteca por $11,500 a favor de los señores Leonat y Ansa.

La adjudicación al demandado se hizo con la condición de que éste asumiría la obligación de pagar la hipoteca que pesaba sobre las fincas "A," "B" y "E," más $4,400.59 por contribuciones adeudadas por las cuatro fincas adjudicádasle y sobre la finca "E," sin ulterior responsabilidad por parte de los demás herederos.

Por otra escritura de diciembre 14, 1931, los herederos de Hernández, sin incluir al aquí demandado, adjudicaron al heredero Rafael Ricardo Hernández Pastrana, en pago de su haber, la finca "E" de 92 cuerdas, haciendo constar que la finca está afecta a una hipoteca de $11,500, la cual ha sido pagada, aunque no se encuentra aún cancelada en el Registro. Dueño ya de la finca "E," Rafael Ricardo Hernández constituyó hipoteca sobre ella a favor del demandante Juan Suárez Pérez, por la suma de $6,000. En la

escritura a favor del demandante se hizo constar que la finca estaba libre de cargas por haber sido liberadas las que le afectaban, según escritura de adjudicación de fecha 1 de octubre de 1931.

Alega el demandante que a pesar de que por dicha escritura de 1 de octubre de 1931 el demandado aceptó y asumió la obligación expresa de pagar la hipoteca de $11,500 que pesa sobre la finca "E," hasta la fecha no ha cumplido la obligación por él contraída y no ha satisfecho al acreedor el importe de la hipoteca, la que continúa aún vigente en el Registro; que por el incumplimiento del demandado, ha quedado pospuesto y perjudicado el derecho del demandante como acreedor hipotecario; que la hipoteca está vencida y lo estaba desde la fecha en que el demandado asumió la obligación de pagarla; y que cuando el demandante aceptó como garantía la hipoteca que le otorgó Hernández, lo hizo por la seguridad que se le dió de que la finca estaba libre de gravámenes y que la anterior hipoteca sería satisfecha por el demandado.

Se pide sentencia por la que se condene al demandado a que consigne inmediatamente y pague al acreedor hipotecario el importe de la hipoteca; y al pago de costas, gastos y honorarios de abogado.

Al radicar la demanda original, el demandante presentó una moción solicitando el embargo preventivo de bienes del demandado, para asegurar la efectividad de la sentencia. En enero 2, 1936, la Corte de Distrito de San Juan decretó el embargo, "sin fianza por constar en documento auténtico que la obligación reclamada es exigible."

La contestación del demandado, después de negar todos los hechos esenciales de la demanda y admitir otros específicamente, alega como defensa especial que es cierto "que él contrajo con los demás herederos de su finado padre" la obligación de pagar la suma que pesaba sobre la finca "E," pero que según convenio, consignado en escritura pública de 17 de mayo de 1935, suscrita por los mismos herederos y

contratantes que suscribieron la escritura de 1 de octubre de 1935, el demandado quedó libre y exento de hacer pago alguno de gravamen o hipoteca que pesara sobre dicha finca "E."

En 4 de febrero de 1938 el demandado radicó una moción sobre nulidad de embargo, basándola en que (a) el demandante no ha acreditado por documento alguno, ni auténtico ni de otra naturaleza, que exprese ni demuestre obligación del demandado a favor del demandante, ni exigible de éste por aquél; (b) porque el embargo fué decretado y practicado "sin el previo requisito esencial de una fianza;" y (c) porque la demanda no contiene alegación alguna que demuestre obligación ni nexo jurídico alguno entre demandado y demandante, por lo cual la demanda no aduce causa de acción.

En 5 de marzo de 1938 la Corte de Distrito de San Juan dictó resolución por la que declaró nulo el embargo y ordenó el levantamiento y cancelación del mismo en el Registro de la Propiedad. Apeló el demandante. Dictada sentencia por la que se desestima la demanda y se condena al demandante al pago de costas, sin incluir honorarios de abogado, apelaron ambas partes para ante esta Corte Suprema.

Sostiene el demandante apelante que la corte inferior erró al declarar que la demanda no aduce causa de acción contra el demandado y al decretar la nulidad del embargo. Alega el demandado en apoyo de su recurso, que la corte inferior abusó de su discreción y erró al no condenar al demandante al pago de honorarios de abogado y al declarar que no hubo temeridad por parte del demandante en la prosecución de este pleito.

No cabe duda alguna en cuanto a que la obligación contraída por el demandado, de satisfacer y cancelar la hipoteca que pesa sobre la finca "E," consta en documento auténtico y es una obligación exigible. Tampoco cabe dudar que la obligación es exigible por el heredero Rafael Ricardo Hernández, quien fué parte en la escritura de 1 de octubre

de 1931 y a quien se adjudicó por la de diciembre 14, 1931, la finca "E," sobre la que pesaba la hipoteca que el aquí demandado se comprometió a pagar y cancelar, como parte del precio o consideración del traspaso que se le hizo de las otras cuatro fincas. Podría abrigarse alguna duda en cuanto a si la obligación contraída por el demandado sería exigible por los demás coherederos a quienes no se adjudicó ninguna de las fincas gravadas por hipoteca. Esos coherederos no tienen ulterior responsabilidad en el pago de las hipotecas, no solamente porque a virtud de la misma escritura de 1 de octubre de 1931 quedaron exonerados de esa obligación, sino, especialmente, porque tratándose de hipotecas constituídas por don José Laguna, el anterior dueño de las fincas, y no por el causante de la herencia, la obligación de pagar dichas hipotecas—como obligación real y hasta el montante del valor de la finca hipotecada—pasó a los adjudicatarios de cada una de las propiedades. Así, el demandado responde con las fincas "A" y "B" solamente, del montante de las hipotecas que sobre ellas pesan; y el otro heredero, Rafael Ricardo Hernández, está obligado hasta el valor de la finca "E" al pago de la hipoteca que sobre ella pesa. Ninguno de los demás herederos tendría interés alguno en exigir al demandado el cumplimiento de la obligación, pues nada podrían exigir de ellos los respectivos acreedores hipotecarios desde el momento en que las fincas gravadas pasaron a sus respectivos adjudicatarios.

Podría sostenerse—aunque no lo resolvemos por no ser cuestión envuelta en este pleito—que el dueño de la hipoteca sobre la finca "E" tiene el derecho de exigir el cumplimiento por el demandado de la obligación de solventar dicha hipoteca, basándose en que él es el tercero para cuyo beneficio se contrajo la obligación; o el derecho de exigir del demandado el pago de cualquier deficiencia que resultare después de la venta de la finca, alegando que el demandado asumió, como una obligación personal, el pago de la deuda garantizada por dicha finca.

¿Tiene derecho alguno el demandante, dueño de una segunda hipoteca constituída por el adjudicatario de la finca "E," para exigir del demandado el cumplimiento de la obligación? La corte inferior negó la existencia de tal derecho, expresándose así:

"Iniciaremos la discusión precisando cuál es el efecto legal de la obligación que el demandado asumió al obligarse los demás herederos de Mariano Hernández a cancelar la hipoteca que por $11,500 afecta y afectaba entonces la finca (e).

"No hay duda alguna de que el demandado al otorgar la escritura núm. 168 antes citada no contrajo ninguna nueva obligación que no pesase sobre todos los herederos, siendo el efecto de la obligación por él contraída sustituirse en el lugar de aquéllas y asumir él solo la obligación para con los dueños de la hipoteca, Sres. Leonat y Ansa. Al fallecer Mariano Hernández, sus herederos lo sucedieron en todos sus derechos y obligaciones, y entre éstas, desde luego, se hallaba la hipoteca que por $11,500 afecta a la finca (e).

"Vamos ahora a suponer, para los efectos del argumento, que la escritura núm. 168 de 1 de octubre de 1931 nunca fué otorgada, y que por consiguiente la obligación de cancelar la hipoteca de $11,500 siguió afectando a todos los herederos en general y no exclusivamente a Gustavo Hernández en particular. Vamos a asumir también que la finca (e) fué adjudicada, como en efecto se adjudicó, a Rafael Ricardo Hernández, y que éste constituyó la hipoteca de $6,000 de que alega ser dueño el demandante. ¿Podría el demandante en tales condiciones exigir a los herederos de Mariano Hernández que paguen la hipoteca de Leonat y Ansa, o en su defecto consignen los $11,500 montante de la misma, para que así la constituída por $6,000 se convierta en primera hipoteca? Ciertamente que no. Los herederos de Mariano Hernández, con excepción de Rafael Ricardo, ningún contrato habían celebrado con el demandante, a nada se habían obligado con él, su obligación era para con sus coherederos y Leonat y Ansa, y éstos solamente éstos y sus sucesores y causahabientes, podrían exigirles el pago del crédito hipotecario.... Claro es entonces que si en tales circunstancias el demandante no tiene causa de acción contra los herederos de Mariano Hernández, tampoco la tiene ahora contra el demandado que no ha hecho otra cosa que sustituirse y colocarse en el mismo lugar y posición en que se hallaban los herederos al firmar la escritura núm. 168 antes citada.

"El hecho de que Rafael Ricardo Hernández, engañase al demandante haciéndole creer que la hipoteca de $11,500 estaba cancelada, podría perjudicar a Rafael Ricardo Hernández, que hizo tal manifestación pero en manera alguna obliga al demandado, que no fué parte en dicha escritura de hipoteca a favor del demandante, ni está obligado por manifestaciones de otras personas que no sean sus agentes o mandatarios.

"La segunda proposición del demandado es un corolario de la primera. Si no existe obligación alguna por parte de Gustavo Hernández a favor del demandante, es evidente que las escrituras por éste presentadas a los efectos de prescindir del afianzamiento, son documentos que aunque auténticos no consta de ellos obligación alguna por parte del demandado para con el demandante, por lo tanto, asumiendo que la demanda adujese hechos que como hemos visto no los aduce, el embargo en todo caso sería nulo por haberse decretado sin prestación de fianza."

Convenimos con la corte inferior en que no existe ninguna relación jurídica o nexo contractual que pueda determinar una causa de acción a favor del demandante y en contra del demandado, para el cumplimiento específico de la obligación contraída por el último. La muy hábil argumentación de la representación del demandante apelante no ha logrado convencernos de que las conclusiones de la corte inferior sean erróneas.

Cuando la finca "E" fué adjudicada a Rafael Ricardo Hernández, pesaba sobre ella, como gravamen inscrito en el Registro de la Propiedad, la hipoteca de que ahora son dueños los señores Leonat y Ansa. El demandante aceptó una segunda hipoteca a sabiendas de que la primera no había sido cancelada en el Registro. Si, como alega el demandante, él aceptó la segunda hipoteca confiando en la representación que le hizo Rafael Ricardo Hernández al efecto de que la primera hipoteca había sido pagada, aun cuando estaba vigente en el Registro, esa representación no da al demandante derecho alguno de acción contra el demandado, quien no fué parte en la escritura de constitución de la segunda hipoteca ni tampoco en la de adjudicación a su

hermano de la finca en cuestión. El aquí demandado no contrajo obligación alguna de dar al demandante una primera hipoteca sobre la finca "E." Ésa fué obligación contraída por el dueño de dicha finca y es a él a quien debiera dirigirse el demandante para exigirle su cumplimiento.

Las acciones *ex contractu*—como la que se trata de ejercitar en el caso de autos—sólo pueden ser ejercitadas por una parte contratante en contra de la otra. No así las *ex delicto,* las cuales pueden ser ejercitadas por cualquiera persona que haya sido perjudicada por el acto torticero.

El artículo 1209 del Código Civil y el comentario que hace Manresa de su equivalente, el 1257 del Código Civil español (Vol. 8, pág. 22) en nada ayudan al demandante. Es cierto que cuando un contrato contiene una estipulación a favor de un tercero, éste puede exigir su cumplimiento. El tercero en este caso no es el demandante y sí Rafael Ricardo Hernández.

No nos convence la extensa argumentación del demandado apelante de que la corte inferior abusara de su discreción al no condenar al demandante al pago de honorarios, ni tampoco de que haya habido temeridad en la prosecución de este pleito. El demandante dió su dinero en la creencia de que sería garantizado por una primera hipoteca. Al enterarse de que la que como primera aparecía inscrita en el Registro no había sido pagada, como le había hecho creer su deudor, creyó sin duda de buena fe que tenía derecho a exigir el pago y cancelación del gravamen de aquél que se había comprometido a hacerlo con su deudor. Así pareció creerlo en un principio la corte inferior cuando decretó sin fianza el embargo de bienes del demandado, alentando así al demandante a proseguir el pleito.

*Deben declararse sin lugar los tres recursos y confirmarse la resolución y sentencia recurridas en todas sus partes.*

El Juez Asociado Sr. De Jesús no intervino.