# 98 DTA 197

TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
PANEL II

MANUEL SUAREZ GONZALEZ, CARMEN MELENDEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR MANUEL SUAREZ GONZALEZ Y CARMEN MELENDEZ
Apelados

v.

GILBERTO LOPEZ ORTIZ, SU ESPOSA HILDA MARIA ZENON Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; GILBERTO LOPEZ Y SU ESPOSA JULIA CORREA LOPEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; ING. JOSE M. GUEVARA, FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ING. JOSE M. GUEVARA Y SU ESPOSA FULANA DE TAL; ASEGURADORAS ABC Y XYZ
Apelantes

Núm. KLAN-97-00298

San Juan, Puerto Rico, a 7 de agosto de 1998

Panel integrado por su Presidente, Juez Ortiz Carrión, el Juez González Rivera y la Jueza Hernández Torres

González Rivera, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los esposos Manuel Suárez y Carmen Meléndez contrataron con Gilberto López Ortiz para diseñar, confeccionar, radicar, e inspeccionar los planos de construcción de una residencia a construirse en un solar localizado en Palmas del Mar en Humacao. Se acordó el costo de la obra en $110,000.00 dólares.

Se comenzaron las obras para la construcción de la vivienda pero las mismas no se concluyeron. A fin de cuentas, los esposos Suárez obtuvieron a cambio de pagos parciales que totalizan $91,049.00, una escasa construcción hecha con muy poco juicio profesional, la cual debe ser demolida si se quiere dar comienzo a una nueva obra.

El 3 de junio de 1992 los señores Suárez demandaron entre otros a López Ortiz, Gilberto López Zenón y a sus esposas y sus respectivas sociedades gananciales. López Ortiz no contestó la demanda ni compareció a defenderse por lo que le fue anotada la rebeldía. Por otro lado, López Zenón contestó la demanda el 28 de octubre de 1992. Adujo entre otras defensas que la demanda en su contra estaba prescrita, que el no firmó contrato alguno con los esposos Suárez y que la demanda no exponía hechos que justificara la concesión de un remedio.

Luego de los correspondientes trámites procesales el Tribunal de Instancia emitió sentencia el 16 de enero de 1997 y declaró con lugar la demanda. Determinó que los demandados "*cometieron fraude y dolo, incumplieron en su totalidad con el contrato que suscribieron las partes*". Se les ordenó a pagar solidariamente a cada demandante la suma de $19,000.00 dólares por las angustias mentales causadas y la restitución de los $91,049.00 que había sido entregada por el señor Suárez para la ejecución de la obra.

El 13 de febrero de 1997 López Zenón solicitó determinaciones adicionales de hechos y reconsideración. Igualmente, el señor Suárez solicitó reconsideración el 18 de febrero de 1997. En la misma pidió que se fijaran honorarios de abogado dada la temeridad incurrida por los demandados.

El 24 de febrero de 1997 el foro de instancia declaró no ha lugar la solicitud de determinaciones de hechos adicionales y con lugar la moción de reconsideración para modificar la responsabilidad de López Zenón hasta la suma de $30,000.00 dólares y eliminó la determinación de solidaridad en cuanto a las demás cantidades.

A la solicitud de imposición de honorarios de abogado presentada por el señor Suárez el tribunal fijó los mismos en la suma de $3,000.00 dólares.

Inconforme con la sentencia aludida López Zenón y esposa recurrieron ante este Tribunal mediante el recurso de apelación que nos ocupa. Plantean cuatro errores los cuales en esencia van dirigidos a establecer la ausencia total de prueba que los relacione contractualmente para exigirles

responsabilidad.

Aclarados los hechos, evaluemos la cuestión que debemos considerar, esto es, si las actuaciones de López Zenón, según se desprende de las transcripciones de los testimonios presentados en el juicio, son suficientes en derecho para determinar si éste en efecto incurrió en un quebrantamiento contractual que le obliga al resarcimiento en daños y la restitución de las sumas en controversia.

Un examen del expediente del caso nos revela que el foro recurrido fundamentó su sentencia en que López Ortiz, en todo momento, le *"representó y expresó"*: (1) que trabajaba en sociedad con su hijo López Zenón; (2) que ambos participaron en reuniones con el señor Suárez; (3) que en una ocasión López Zenón le expresó al señor Suárez que era socio de su padre en la oficina López y López; (4) en otra ocasión, López Zenón, para que los esposos Suárez vieran como iba a quedar la instalación eléctrica y alarmas, los llevó para que vieran un trabajo que él había realizado en otra propiedad; (5) además le expresó a los esposos Suárez, que ya había comprado una gran parte de los materiales eléctricos así como de plomería.

Asimismo surge del expediente que el Tribunal de Instancia concluyó expresamente que la conducta de López Ortiz y López Zenón es constitutiva de fraude y dolo. Que la prueba aportada por Suárez para establecer una sociedad legal entre aquellos le mereció credibilidad. Por lo que las mismas configuran una obligación solidaria ante los demandantes.

## II

Como es sabido, en Puerto Rico rige el principio de la libertad de contratación según el cual las partes contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrario a las leyes, a la moral ni al orden público. Art. 1207 Código Civil, 31 L.P.R.A. sec. 3372.

En el ámbito de las obligaciones y contratos, es doctrina fundamental que cuando los términos de un contrato son claros y no dejan lugar a dudas sobre la intención de los contratantes, no cabe recurrir a reglas de interpretación. Artículo 1233 Código Civil, 31 L.P.R.A. sec. 3471. Es principio estatutario que los contratos sólo producen efecto entre las partes que los otorgan y sus herederos... Art. 1209 del Código Civil, 31 L.P.R.A. 3374. Sabido es, también, que a partir del perfeccionamiento de un contrato, las partes quedan obligadas al cumplimiento de lo expresamente pactado y a las consecuencias que se deriven del mismo conforme a la buena fe, al uso y a la ley. Artículo 1210 Código Civil, 31 L.P.R.A. 3375.

En el contrato de arrendamiento de obras o servicios una de las partes se obliga a ejecutar una obra, o a prestar a la otra un servicio a cambio de un precio cierto. Artículo 1434 del Código Civil, 31 L.P.R.A. 4013.

Como es sabido, cuando el incumplimiento de una obligación contractual produjere daños a una de las partes contratantes, procede una acción de daños y perjuicios por incumplimiento contractual. Artículo 1054, 31 L.P.R.A. 3018.

Las acciones *ex contractu* se basan en el quebrantamiento de un deber que surge de un contrato expreso o implícito y tienen por objeto que se cumplan las promesas sobre las cuales las partes otorgaron su consentimiento. *Ramos v. Orientalist Rattan Furn. Inc.,* 131 D.P.R. ___ (1992); **92 J.T.S. 74**, resuelto el 15 de junio de 1992; *Ocasio Juarbe v. Eastern Airlines Inc.,* 125 D.P.R. 410 (1990); *Santiago Nieves v. A.C.A.A.,* 119 D.P.R. 711 (1987); *Mejías v. López,* 51 D.P.R. 21 (1937). Si el daño surge exclusivamente como consecuencia del incumplimiento contractual, la acción de daños *ex contractu* sería el único remedio disponible. *Mattei v. Vélez,* **98 J.T.S. 55**, resuelto el 7 de mayo de 1998.

Las acciones *ex contractu*... sólo pueden ser ejercidas por una parte contratante en contra de la otra. *Suárez v. Hernández,* 56 D.P.R. 276 (1940). La regla general es que, en relación con un tercero, un contrato es irrelevante, ya que éste simplemente regula las relaciones entre las partes contratantes y al tercero ni siquiera le afecta. L. Diez-Picaso, *Fundamentos de Derecho Civil Patrimonial,* Madrid, Ed. Tecnos, 1979, Vol. I, página 281.

Según Puig Brutau, *Fundamentos de Derecho Civil,* Barcelona, 3ra Ed. Bocsh, 19 Tomo II, Vol. 1, página 98, el Código Civil exige que las palabras o maquinaciones incidiosas constitutivas del dolo proceden de los contratantes. Para que exista debe demostrarse que la conducta por parte de uno de los contratantes fue con ánimo de engañar a la otra. Por consiguiente, no existe dolo, como vicio de la voluntad cuando las maquinaciones dolosas son obra de un tercero; esto es, de alguien que no es parte en el contrato. Esta maquinación del tercero puede, ciertamente, haber provocado el error de uno de los contratantes; pero entonces se tratará tal vez, de la posibilidad de impugnar el contrato por causa de error, o de un acto ilícito del tercero que le haga responsable de los daños y perjuicios correspondientes al Artículo 1902 (equivalente al Artículo 1802 de nuestro Código Civil).

Continúa expresando Puig Brutau, que el dolo sólo estará causado por un tercero, cuando este sea una persona completamente ajena al contrato celebrado. Citando a Diez-Picaso nos dice que, el tercero no ha de ser parte del acuerdo como contratante, ni ha de haber tenido intervención como representante, mandatario, etcétera. Tampoco hay dolo de tercero cuando este se limita a ser mero instrumento de uno de los contratantes, al que en realidad sería imputable el dolo.

La regla general de que el fraude, que es criminal en su esencia, no se presume, sólo significa que aquél que lo afirma debe probarlo con certeza razonable en forma tal que satisfaga la conciencia del juzgador. *Carrasquillo v. Lippitt & Simonpietri Inc.*, 98 D.P.R. 659 (1970). No significa que el fraude haya que demostrarlo con prueba concluyente ni con certeza matemática, pues, como sabemos esta prueba es rara vez posible. *García López v. Méndez García*, 102 D.P.R. 382 (1974).

### III

El Juez de instancia erró al adoptar como conclusión de derecho que *"las declaraciones de la parte demandante en cuanto a las representaciones que le hicieron los co-demandados, en el sentido de que era una sociedad, merecieron credibilidad por parte de este tribunal".*

El récord está desprovisto de prueba que sostenga tal afirmación. Aceptamos que el Juez le dio credibilidad a los esposos Suárez y que no hubo prueba para sostener en contrario las expresiones de López Ortiz de que trabajaba en sociedad con su hijo, que participaron en reuniones, que López Zenón expresó que era socio de su padre, y que indicó como habría de quedar la alarma y la instalación eléctrica así como la adquisición de materiales eléctricos y de plomería.

Discrepamos del tribunal de instancia. El problema que plantea este caso no es de credibilidad sino de suficiencia de prueba. Por estar incluida en la demanda una aseveración en el sentido de que López Ortiz y López Zenón mantenían una sociedad profesional para la práctica de la ingeniería y la construcción, la parte demandante venía obligada a traer prueba para sustentar esa alegación. Esto es, si López Zenón era socio, empleado, un subcontratista o si meramente mantenía una comunidad de bienes con su padre. La presentación de una tarjeta profesional, con el nombre, logo y dirección de la oficina López & López no es suficiente para concluir tal hecho. La regla 10(B) de evidencia dispone que la obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en la cuestión en controversia.

Los únicos dos testimonios que fueron presentados en el juicio fue el del señor Suárez y el de su esposa. Estos testimonios fueron impugnados en el contrainterrogatorio. Del mismo surge que quien firmó el contrato fue López Ortiz a cuyo nombre se hicieron los cheques, los cambió y solicitó dinero para la continuación de la obra. López Ortiz hizo manifestaciones de que su hijo y él eran socios. Surgió además que fue al señor López Ortiz la persona a quien el señor Suárez acusó criminalmente por haberle defraudado.

Meras alegaciones o teorías no constituyen prueba, la parte demandante tenía que establecer la relación entre ambos demandados. Habiendo el demandante dejado de probar hechos suficientes para establecer su causa de acción debemos concluir que el tribunal de instancia cometió error en la apreciación de la prueba.

Analizando la prueba de la forma más favorable a los demandantes y atendiendo la conclusión del foro de instancia de que en este caso medió dolo, si consideraramos las actuaciones de López Zenón como *"maquinaciones insidiosas"*, él sería un tercero a los fines del contrato. Sus actuaciones podrían

estar dirigidas a viciar el consentimiento prestado por el señor Suárez para realizar el contrato. Pero entonces se trataría de un acto ilícito, lo cual podría hacerle responsable bajo el Artículo 1802 del Código Civil por los daños y perjuicios que causó. Por lo tanto, nos es forzoso concluir que el remedio que tendrían a su disposición los esposos Suárez contra López Zenón es una de daños bajo dicha disposición legal. Acción que a la fecha de la presentación de la demanda había prescrito, pues habían transcurrido casi cinco años desde que ocurrieron estos hechos.

En cuanto a la conclusión del foro de instancia de que en este caso medió el fraude, la prueba de los esposos Suárez no demostró con razonable certeza la existencia del mismo. Un examen detenido de la prueba nos convence que el Tribunal de Instancia incidió al declarar la existencia del mismo. Los hechos que sustentan tal conclusión son que éste representó que trabajaba en sociedad con su padre López Ortiz, que expresó en reuniones que iba a realizar el trabajo eléctrico y de alarmas y que había adquirido una gran parte de los materiales para esos fines. Esas actuaciones son insuficientes para levantar la inferencia de fraude y transferir el peso de rebatirla al apelante. *Nine v. Avilés,* 53 D.P.R. 494 (1938); *The Texas Company v. Estrada y Álvarez, Int.,* 50 D.P.R. 743 (1936).

## IV

No podemos suscribir la decisión del foro de instancia de reducir a treinta mil dólares ($30,000) la responsabilidad de López Zenón y relevarle de solidaridad en cuanto a las demás cantidades. La Regla 43.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que la sentencia debe contener determinaciones de hechos basados en la prueba recibida además de conclusiones de derecho que constituyan los fundamentos de la sentencia que se emite. El fin primordial de la Regla es poner a este tribunal en condiciones de poder determinar si las conclusiones de hecho y de derecho a que llegó el tribunal sentenciador estuvieron justificadas o no. Sólo así podremos ejercer nuestra función revisora de una manera eficiente y salvaguardar los propósitos que animaron la Ley de la Judicatura de 1994.

El Tribunal cuya decisión revisamos no formuló determinaciones de hechos como tal, observó un cumplimiento substancial con la Regla 43.2 al consignar las determinaciones de hechos como una *"Relación del Caso".* En ella hace una extensa narración de la prueba que tuvo ante sí y sobre la cual basó su decisión. Sin embargo, es indispensable que advertamos que de ordinario se debe cumplir cabalmente con la regla.

La actuación del foro recurrido de reducir la cuantía de la responsabilidad de López Zenón a $30,000 mil dólares, convirtiéndola en una mancomunada, no tiene apoyo en la prueba que desfilara ante dicho foro. Las determinaciones de hechos que no estén basadas en testimonio oral serán dejadas sin efecto por ser claramente erróneas. *Abudo Cervera v. A.T.P.R.,* 105 D.P.R. 728 (1977). En virtud de lo antes expuesto, procede descartar dicha determinación como base de la imposición de responsabilidad al apelante.

Un examen de la totalidad de la evidencia nos convence firmemente que se ha cometido error en la apreciación de la prueba y que las conclusiones de hechos formuladas por el foro recurrido están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida. *Maryland Casualty Company v. Quick Construction Co.,* 90 D.P.R. 329 (1964). Por lo que debemos revocar la misma.

En mérito de lo antes expuesto procede dictar sentencia para modificar la dictada por el Tribunal de Primera Instancia, Sala de Humacao, a los fines de relevar de responsabilidad a Gilberto López Zenón, su esposa Julia Correa López y la Sociedad de Gananciales compuesta por ambos. Así modificada se confirma la misma.

El Juez Ortiz Carrión disiente con opinión escrita.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

San Juan, Puerto Rico, a 7 de agosto de 1998

Disiento respetuosamente de la sentencia emitida por la mayoría del panel en el caso del título. Entiendo que este Tribunal no está en condiciones para revocar la sentencia dictada por el Tribunal de Primera Instancia.

El tribunal apelado celebró una vista en rebeldía en la que recibió, aquilató y creyó el testimonio de los demandantes aquí apelados, don Manuel Suárez González y su esposa, la señora Carmen Meléndez, a pesar del contrainterrogatorio a que los sometió el co-demandado aquí apelante, Gilberto López Zenón, con el propósito de impugnar su credibilidad. Basándose en la prueba testifical ofrecida, el tribunal interpretó el contrato de construcción suscrito entre los demandantes y el señor Gilberto López Ortiz, en representación de la Oficina de Servicios de Ingeniería; y determinó que los demandantes-apelados sostuvieron conversaciones con el señor López Ortiz quien actuaba en representación de la referida Oficina, y en todo momento expresó que trabajaba en sociedad con su hijo, el apelante Gilberto López Zenón; que el señor López Zenón estuvo presente en algunas de las reuniones sostenidas entre los demandantes-apelados y el señor López Ortiz, y que éste les representó que era socio de su padre en las oficinas de López y López ubicadas en Humacao. El tribunal apelado determinó además que en una ocasión el señor López Zenón, quien se especializa en instalaciones eléctricas y sistemas de alarmas residenciales, llevó a los demandantes a observar un sistema de alarma y electricidad que había instalado en una residencia con el fin de demostrarles el trabajo que realizaría en la futura residencia de los demandantes; y que el señor López Ortiz se refería constantemente a la sociedad López y López, haciéndole entender a los demandantes que la sociedad estaba compuesta por él y su hijo aquí apelante Gilberto López Zenón, que nunca negó que fuese socio de su padre; que en otra ocasión, el señor López Zenón se comunicó con los demandantes para informarles que ya tenía comprado gran parte de los materiales eléctricos y de plomería; que los demandantes recibieron una carta suscrita por el señor López Ortiz indicando que tales materiales habían sido adquiridos y solicitando un desembolso adicional de dinero para continuar con la obra. [1] Examinada la transcripción de la prueba y el contrato suscrito entre las partes, todas estas determinaciones están sostenidas por el testimonio ofrecido por el señor Suárez González y su esposa.

La Regla 69(B) de las de Evidencia, 32 L.P.R.A. Ap. IV, R. 69, establece que, ante un convenio en el que se han incluido todos los términos y condiciones, no se admitirá prueba extrínseca al contenido del mismo. Sin embargo, la regla no tiene el efecto de excluir otra evidencia de circunstancias bajo las cuales fue hecho el contrato o con las cuales se relacione. *Hernández Torres v. Padilla Morales,* **97 J.T.S. 49**. En el caso de autos, el tribunal apelado aquilató la prueba que le fue presentada y concluyó que el señor Gilberto López Ortiz compareció en el contrato de construcción suscrito por los demandantes en representación de la Oficina de Servicios de Ingeniería; y que esa oficina era a su vez una sociedad compuesta por el señor López Ortiz y su hijo aquí apelante, el señor Gilberto López Zenón.

El Artículo 1588 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4371, establece que la sociedad queda obligada con un tercero por los actos de uno de los socios cuando éste: 1) haya obrado en su carácter de tal, por cuenta de la sociedad, 2) tenga poder para obligar a la sociedad en virtud de un mandato expreso o tácito; 3) y haya obrado dentro de los límites que le señala su poder o mandato. Por otra parte, el Tribunal Supremo de Puerto Rico ha establecido que los socios en una sociedad civil profesional responden con su patrimonio personal, subsidiara y mancomunadamente, de las obligaciones de la sociedad, en caso de que el patrimonio social no sea suficiente. *Asociación de Propietarios v. Santa Bárbara Co.,* 112 D.P.R. 33 (1982).

En el contrato de construcción que suscribieron los demandantes en noviembre de 1988 los demandados se comprometieron a la preparación y confección de los planos de construcción de su residencia, se obligaron a obtener los permisos correspondientes y a construir la estructura residencial por la suma de $110,000 más $3,100 por concepto de planos. Los demandantes le entregaron pagos parciales a la parte demandada hasta totalizar la suma de $91,049. En cambio, los demandados sólo realizaron una pequeña parte de la construcción hecha con muy poco juicio profesional. El tribunal

apelado actuó correctamente al resolver que el señor Gilberto López Zenón, como socio de su padre Gilberto López Ortiz, debía responder por los daños que se le ocasionaron a los demandantes a raíz del incumplimiento de contrato y el fraude perpetrado por ambos. En ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto, la apreciación de los hechos que hace el Tribunal de Primera Instancia merece gran respeto y deferencia. *Sánchez Rodríguez v. López Jimenez,* 116 D.P.R. 172 (1985).

Contrario a lo resuelto por la mayoría del panel, entiendo que este Tribunal no está en condiciones de sustituir el criterio del juzgador de los hechos por el suyo propio.

**RAFAEL ORTIZ CARRION**
**Juez de Apelaciones**

**ESCOLIO VOTO DISIDENTE DEL JUEZ DE APELACIONES SR. ORTIZ CARRION — 98 DTA 197**

**1.** Esta carta se presentó en evidencia junto a una tarjeta profesional con el nombre, logo y dirección de la oficina de López y López, perteneciente a los señores López Ortiz y López Zenón.