DIGNA M. SANTIAGO MATOS, querellante y recurrida, *v.* COMMONWEALTH OIL REFINING CO., INC., querellada y peticionaria.

Número: O-82-757    Resuelto: 4 de mayo de 1983

*Harold Toro* y *José A. Silva Cofresí,* de *Fiddler, González & Rodríguez,* abogados de la peticionaria; *Arnaldo Granados Estrada,* abogado de la recurrida.

PER CURIAM: La recurrida Digna M. Santiago Matos presentó una querella en el Tribunal Superior de Puerto Rico por despido injustificado y en reclamación de salarios y doble penalidad al amparo de la Ley Núm. 379 de 15 de mayo de 1948 (29 L.P.R.A. sec. 271 y ss.). Se acogió al

procedimiento especial de carácter sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3118 y ss.). La recurrente Commonwealth Oil Refining Co. solicitó sentencia sumaria parcial por el fundamento de que la recurrida, durante el tiempo cubierto por la querella, se desempeñó como enfermera graduada, y que por tal razón se consideraba una profesional conforme la legislación y reglamentación vigentes.

El tribunal de instancia declaró sin lugar la moción de sentencia sumaria parcial por considerar que existía entre las partes una genuina controversia en torno a si la querellante reunía concurrentemente todos y cada uno de los requisitos contenidos en el Art. V del Reglamento Núm. 13 de la Junta de Salario Mínimo de Puerto Rico, Segunda Revisión (1969), que define el término "Profesional".

Concedimos término a la recurrida para que mostrara causa por la cual no se debía expedir el auto y una vez expedido dictar sentencia sumaria parcial a los fines de desestimar la reclamación de salarios y doble penalidad por ser ella una profesional.

Ha comparecido la querellante y procedemos a resolver.

■ Como se sabe, la Ley de Salario Mínimo, 29 L.P.R.A. sec. 245 y ss., excluye de sus disposiciones a los administradores, ejecutivos y profesionales, y delega en la Junta de Salario Mínimo la definición de dichos términos. *Matos Velázquez* v. *Proctor Manufacturing Corp.*, 91 D.P.R. 45, 54 (1964).[1] Mediante el Reglamento Núm. 13, Segunda Revisión (1969), la Junta definió los términos ejecutivo, administrador y profesional.[2] Es a dicho reglamento que deben acudir para determinar si la recurrida es una profe-

---

[1] La ley federal también niega a ejecutivos, administradores y profesionales el derecho a compensación por horas extras. *Fair Labor Standards Act*, Sec. 13(a)(1), 29 U.S.C. sec. 213(a)(1).

[2] Nuestros reglamentos fueron adoptados de los federales con algunos cambios. Véase, 29 CFR 541.0 *et seq.*

sional y no al significado o uso común que tenga este término. Véanse, *Phillips Co.* v. *Walling,* 324 U.S. 490, 493 (1945); *Legg* v. *Rock Products Manufacturing Corporation,* 309 F.2d 172, 174 (1962); *Brennan* v. *South Davis Community Hospital,* 538 F.2d 859, 865 (1976); *Sexton* v. *Beatrice Foods Co.,* 630 F.2d 478, 486 (1980); *Schoenhals* v. *Cockrum,* 647 F.2d 1080, 1081 (1981); Annot., *Who is employed in "professional capacity" within exemptions from minimum wage and maximum hours provisions of Fair Labor Standards Act,* 72 A.L.R.2d 1156 (1969). Véanse además, *López Santos* v. *Tribunal Superior,* 99 D.P.R. 325, 330 (1970); y *Sánchez* v. *Best Price Co., Inc.,* 102 D.P.R. 379, 381 (1974).

Dicho reglamento define el término "profesional" como sigue: ([3])

Artículo V— Definición de "Profesional"

A los fines de la Sección 30(b) [*sic*] de la Ley de Salario Mínimo de Puerto Rico (Ley 96 de 26 de junio de 1956, enmendada) el término "profesional" significa cualquier empleado:

(a) cuyo deber primordial consista en realizar trabajo:

(1) Que requiera conocimiento de tipo avanzado en el campo de la ciencia o del saber, usualmente adquirido a través de un curso prolongado de instrucción y estudio intelectual especializado, a diferencia de una educación académica general, de un aprendizaje y de entrenamiento en el desempeño de procesos mentales, manuales o físicos, rutinarios; o,

(2) de carácter original y creador en un campo reconocido de esfuerzo artístico (en contraposición a trabajo que pueda ser realizado por una persona que posea habilidad y entrenamiento general de naturaleza manual o intelectual), y cuyo resultado dependa primordialmente de la inventiva, imaginación o talento del empleado; y

(b) cuyo trabajo requiera el uso de discreción y juicio para llevarlo a cabo; y

(c) cuyo trabajo sea de carácter predominantemente inte-

---

([3]) La correspondiente definición para el término "profesional" en el ámbito federal se encuentra en 29 CFR 541.3.

lectual y variable (en contraposición a trabajo rutinario de carácter mental, manual, mecánico o físico) y de tal naturaleza que la producción total o el resultado obtenido no pueda ser medido en relación con determinado período de tiempo; y

(d) que no dedique más del 20 por ciento de las horas trabajadas en la semana de trabajo a actividades que no sean parte esencial y necesariamente incidental al trabajo descrito en los Apartados (a) al (c), inclusive, de este Artículo V; y

(e) que reciba por sus servicios una compensación fija o a base de por ciento u honorarios, equivalente a un sueldo semanal no menor de cien dólares ($100.00), excluyendo alimentos, vivienda y otros servicios; disponiéndose que este Apartado (e) no será aplicable en el caso de un empleado que tenga una licencia o certificado válidos que le permita dedicarse a la práctica de la abogacía o de la medicina o de cualquiera de sus ramas, y cuyo trabajo consista en la práctica activa de una de tales profesiones.

También significa cualquier empleado cuyo trabajo cumpla con los requisitos dispuestos en el Apartado (a), Inciso 1 ó 2 de este Artículo V, y que reciba por sus servicios una compensación fija o a base de por ciento u honorarios que equivalga a un salario semanal no menor de ciento cincuenta dólares ($150.00), excluyendo alimentos, vivienda y otros servicios. (Énfasis suplido.) [4]

Examinemos los hechos que surgen del expediente y sobre los cuales no hay controversia, para determinar si procedía la sentencia sumaria solicitada por ser la recurrida una profesional.

Surge de la deposición que acompaña la solicitud de sentencia sumaria parcial que cuando la querellante comenzó a trabajar en CORCO en 1965 recibía más de $200 mensuales y que al quedar cesante en 1981 su salario ascendía a $1,113 mensuales. Así, al quedar cesante, la querellante cumplía con el requisito de salario de la prueba corta para la categoría de profesional con altos salarios, que exige un salario no menor de $600 mensuales, o sea, $150 semanales.

---

[4] En 1982 el Reglamento Núm. 13 fue revisado nuevamente, pero, en lo que concierne a este artículo, sólo se alteraron los límites mínimos de sueldo semanal: de $100 a $150 y de $150 a $200.

Revela, además, la deposición que la querellante estudió enfermería por tres años; que en 1956 se graduó del Hospital de Distrito de Aguadilla, cuando había escuelas de enfermeras en hospitales; que tiene licencia para ejercer como enfermera graduada; que pertenece al Colegio de Profesionales de Enfermería de Puerto Rico; y que ha tomado otros cursos y seminarios de educación continuada, de enfermera industrial, salud pública, quemaduras y atención de pacientes con enfermedades cardiovasculares, todo lo cual nos lleva a concluir que la querellante recurrida tiene una alta preparación académica con conocimiento avanzado en uno de los campos de la ciencia. A este respecto conviene señalar que en la jurisdicción federal, como regla general, a las enfermeras que poseen licencia otorgada para ejecer como tales por la Junta Examinadora del Estado se les reconoce que cumplen el requisito de conocimiento o preparación avanzada. 29 CFR 541.3(a)(1), 541.302(e)(1).

No obstante, para ser profesional no basta con tener ese tipo de conocimiento avanzado. Es indispensable que el trabajo realizado por la recurrida requiera como deber primordial el utilizar el conocimiento avanzado adquirido en el desempeño de sus labores. Conforme la deposición de la recurrida, aparece que su trabajo con la peticionaria consistía en atender emergencias, dar primera ayuda a los empleados, ayudar al médico, atender enfermedades no ocupacionales de los empleados, hacer requisiciones de medicinas, administrar electrocardiogramas, dar tratamientos de diatermia, hacer exámenes de la vista, y hacer exámenes del oído, entre otras tareas. No tenemos duda de que este trabajo realizado por la recurrida requiere poner en práctica el conocimiento adquirido a través de su preparación académica especializada.

Como puede verse, la recurrida reúne los requisitos reglamentarios de una profesional y, como tal, está exenta del pago de horas extras.

*Se expide el auto, se deja sin efecto la resolución recurrida*

*y se dicta sentencia sumaria parcial en que se desestima la reclamación de salario y doble penalidad.*

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Negrón García se inhibieron.