ANGEL L. NIEVES
Querellante-Peticionario

v.

PONCEBANK CORP.
Querellado-Recurrido

Núm. KLCE-95-00200

San Juan, Puerto Rico, a 26 de mayo de 1995

Panel integrado por su presidente, la Juez López Vilanova
y los jueces Delgado Hernández y Rodríguez García

Delgado Hernández, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se trata de una petición de *certiorari* para revisar la Resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, que denegó una moción de anotación de rebeldía contra un patrono que en lugar de contestar presentó una moción de desestimación o sentencia sumaria, en un caso bajo el procedimiento sumario dispuesto para reclamaciones laborales por la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 y ss.

Examinado el estatuto a la luz del récord y la jurisprudencia, no erró el Tribunal de Instancia al negarse a anotar la rebeldía en las particulares circunstancias de este caso.

# I

El 6 de febrero de 1995, Angel Nieves presentó una *"querella"* por alegado discrimen, represalias y despido injustificado contra Poncebank Corp. En su *·"querella"*, se acogió expresamente al procedimiento especial sumario de la Ley Núm. 2.

Poncebank compareció al pleito oportunamente. En lugar de contestar, sometió una moción de desestimación o sentencia sumaria en la cual alegó, en síntesis, que debían desestimarse las reclamaciones por el fundamento de cosa juzgada. En particular, señaló que en el año 1991 y por los mismos hechos, Nieves había demandado al patrono por discrimen y despido injustificado; que la reclamación de discrimen fue desestimada mediante sentencia sumaria; y que la de despido injustificado fue archivada con perjuicio. En apoyo de la moción, acompañó copia de las sentencias correspondientes. Nieves entonces solicitó que se le anotara la rebeldía al patrono, porque éste no había contestado la querella.

Mediante resolución notificada el 16 de marzo de 1995, el Tribunal de Instancia denegó la moción. De dicha denegatoria recurrió Nieves ante este Tribunal el 14 de abril de 1995. Ante nos, se reitera en que debió de anotarse la rebeldía. Diferimos.

# II

La Ley Núm. 2 de 17 de octubre de 1961 establece un procedimiento especial sumario para el trámite de reclamaciones laborales. El estatuto promueve la diligencia y prontitud en la tramitación judicial de estas reclamaciones. *Mercado v. ZETA Communications, Inc.,* **94 JTS 50**, Op. del 7 de abril de 1994, pág. 11777.

Entre otras cosas, la Ley Núm. 2 permite que el demandante emplace al patrono siguiendo un método menos riguroso que el que usualmente se sigue en nuestro ordenamiento jurídico; dispone de términos abreviados para comparecer; prescribe un requisito de juramento para prórrogas; y limita el descubrimiento de prueba. 32 L.P.R.A. sec. 3120.

La aplicabilidad de las Reglas de Procedimiento Civil en estos casos se rige por la Sección 3 de la ley, la cual dispone que dichas Reglas serán de aplicación siempre que no estén en conflicto con disposiciones específicas de la referida Ley Núm. 2, o con el carácter sumario del procedimiento estatuido▪

Nieves sostiene que se le debió de anotar la rebeldía al patrono porque la Sección 3 de la ley sólo autoriza al demandado a presentar una contestación en la cual consolide todas sus defensas o una prórroga juramentada, y priva al tribunal de jurisdicción para atender otros escritos. Además, alega que el mecanismo de la desestimación o sentencia sumaria es incompatible con el carácter sumario del procedimiento establecido en esta ley. No le asiste la razón.

A tono con la jurisprudencia, lo determinante al evaluar el escrito inicial de un patrono no es el nombre que se le asigne, sino el carácter de los planteamientos y alegaciones formuladas en el mismo. Si entre otras cosas, éstas se refieren a los méritos o equivalen a una negativa de los hechos expuestos en la querella, ha quedado trabada la controversia prontamente y se han cumplido los propósitos de la Ley Núm. 2. *Srio. del Trabajo v. Tribunal Superior,* 91 D.P.R. 864 (1965). Véanse además *Lebrón Velázquez v. Romero Barceló,* 101 D.P.R. 915, 921 (1974)(En el contexto de las Reglas de Procedimiento Civil, debe descartarse el título del escrito y concederse el remedio que corresponda); *Cruz v. Director de la Lotería,* 94 D.P.R. 260, 264 (1967).

La moción de desestimación o sentencia sumaria sometida por Poncebank cumple con estos criterios. Véase *Srio. del Trabajo v. Tribunal Superior,* 91 D.P.R. 864 (1965), donde a solicitud del trabajador se dictó sentencia contra un patrono que sometió una moción de

prórroga sin juramentar, en un caso en trámite bajo la Ley Núm. 2. El Tribunal Supremo revocó, puesto que, entre otros extremos, el patrono expresó en la moción que la reclamación se había resuelto anteriormente contra el propio querellante ante el Departamento del Trabajo. Para el Tribunal, esto equivalía a negar los hechos expuestos en la querella.

Las alegaciones formuladas y la prueba sometida por Poncebank con su moción igualmente equivalen a haber negado los hechos expuestos en la querella. En lo pertinente, la moción del patrono expresa que las reclamaciones del querellante fueron objeto de sentencias adversas a éste. Con su moción, el patrono acompañó copia de las sentencias. Quedó trabada la controversia para fines de la Ley Núm. 2.

Por otra parte, el mecanismo procesal utilizado por el demandado en el caso es compatible con el carácter sumario de este procedimiento. El patrono presentó su moción de desestimación o sentencia sumaria acompañada de materia extrínseca a las alegaciones, con lo cual colocó al Tribunal de Instancia en posición de acoger y evaluar los planteamientos formulados como una moción de sentencia sumaria al amparo de la Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. Regla 10.3 de Procedimiento Civil.

En general, una moción de sentencia sumaria debidamente fundamentada compele a la parte contra la cual se presenta a someter prueba concreta y específica, encaminada a demostrar la existencia de una disputa genuina en cuanto a algún hecho material, que amerite o justifique la continuación del pleito. Regla 36.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III; J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil,* **Publicaciones J.T.S.,** San Juan, 1979, Vol. II, pág. 191. De la parte querellante no oponerse a la moción de sentencia sumaria conforme a lo dispuesto en la Regla 36 y la jurisprudencia interpretativa de ésta, finalizaría el litigio. *Medina v. Merck, Sharp and Dohme,* **94 J. T. S. 52,** Op. de 7 de abril de 1994, pág. 11786; *Tello Rivera v. Eastern Airlines,* 119 D.P.R. 83, 87 (1987) *Corp. Presiding Bishop v. Purcell,* 117 D.P.R. 714, 719-723 (1986).

En estos términos, la sentencia sumaria promueve la solución justa, rápida y económica del litigio, abreviando la disposición de pleitos en que no existe una controversia genuina de hechos materiales. *González v. Alicea,* **93 J.T.S. 16,** Op de 4 de febrero de 1993, pág. 10380; *Rivera v. Superior Packing,* **92 J. T. S 165,** Op. de 9 de diciembre de 1992, pág. 10159. Su propósito es compatible con los objetivos de celeridad que subyacen el procedimiento sumario dispuesto por la Ley Núm. 2. El propio Tribunal Supremo ha utilizado el mecanismo de la sentencia sumaria para disponer de reclamaciones laborales tramitadas al amparo de la Ley Núm. 2. Véanse *Santiago v. CORCO,* 114 D.P.R. 267, 268, 272 (1983); *Pagán v. Fund. Hosp. Dr. Pila,* 114 D.P.R. 224, 226, 272 (1983). A la luz de los hechos, el Tribunal de Instancia actuó correctamente al negarse a anotar la rebeldía.

Por los fundamentos expuestos, se expide el auto y se confirma al Tribunal de Primera Instancia, Sala Superior de San Juan.

NOTIFIQUESE

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 160**

1. En lo pertinente, dicha Sección reza:

*"El Secretario del Tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito...dentro de diez días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince días en los demás casos, y apercibiéndole además que si así no lo hiciere se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada...en que se expongan bajo juramento los motivos que para ello tuviere... podrá el juez...prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga.*

*El querellado deberá hacer una sola alegación responsiva en la cual deberá incluir todas sus defensas y objeciones, entendiéndose que renuncia a todas las defensas u objeciones que no incluya en dicha alegación responsiva.*

*En los casos que se tramiten con arreglo a las secs. 3118 a 3132 de este título, se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por... este título..."* 32 L.P.R.A. sec.3120.