# 2004 DTA 111

### TRIBUNAL DE CIRCUITO DE APELACIONES
### REGION JUDICIAL DE SAN JUAN
### PANEL III

VICTOR MELÉNDEZ MORALES Y LA SOCIEDAD LEGAL
DE GANANCIALES CONSTITUIDA CON GLORIA NIEVES
Demandantes-Apelantes

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO, POLICIA DE PUERTO RICO
Demandados-Apelados

Núm. KLAN-03-00298

San Juan, Puerto Rico, a 24 de mayo de 2004

Panel integrado por su Presidente, el Juez Rafael Ortiz Carrión,
y los Jueces Antonio J. Negroni Cintrón y Jorge Segarra Olivero

Negroni Cintrón, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Víctor Meléndez Morales (apelante o Meléndez Morales) apela la Sentencia dictada el 19 de diciembre de 2002 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), mediante la cual desestimó sumariamente la acción que contra el Estado Libre Asociado de Puerto Rico y la Policía de Puerto Rico (ELA), había instado para cobrar las horas extras que había acumulado en exceso de la jornada regular de trabajo, mientras era miembro de la Policía de Puerto Rico (Policía).

El ELA sometió su alegato, por lo que con el beneficio de la comparecencia de ambas partes, resolvemos.

### I

Tal y como lo estimó el TPI, no existe controversia alguna sobre los siguientes hechos:

Meléndez Morales era un alto oficial de la Policía con el rango de Teniente Coronel y ocupaba la posición de Comandante de Área de San Juan. Este cargo tiene entre las responsabilidades asignadas: la dirección, supervisión, coordinación y control de la operación de campo, operación de investigaciones criminales, servicios de relaciones con la comunidad y las funciones administrativas de la oficina.

El 9 de diciembre de 1992, el Superintendente de la Policía le aprobó una licencia de tiempo compensatorio por 3,190 horas extras trabajadas y no cobradas, de acuerdo con las disposiciones establecidas en la Orden General 86-7 vigentes para esa fecha denominada, *"Normas y Procedimientos Para el Pago de Horas Extras de Miembros de la Fuerza"*. No obstante, Meléndez Morales cesó de trabajar para la Policía el 15 de marzo de 1993 mientras disfrutaba de la licencia por tiempo compensatorio de las horas trabajadas en exceso de su jornada regular de trabajo. A esa fecha había laborado para la Policía por 30 años.

Al día siguiente de su renuncia a la Policía, el 16 de marzo de 1993, Meléndez Morales comenzó a trabajar para el Municipio de Carolina. Se le autorizó la transferencia de 60 días de vacaciones, 90 días por enfermedad y 6 horas acumuladas.

Luego de realizar gestiones extrajudiciales con el mismo fin, el 1 de junio de 1999, Meléndez Morales instó la acción en cobro contra el ELA. Alegó, esencialmente, que la Policía le adeudaba el pago de 3,190 horas extras trabajadas en exceso de la jornada laboral hasta la fecha terminación de su empleo y que tenía derecho al pago conforme las disposiciones de la Ley Núm. 88 del 7 de julio de 1985.

El ELA contestó la demanda y planteó que Meléndez Morales no tenía derecho al remedio que solicitaba. Oportunamente presentó una moción para que se desestimara sumariamente la acción. Adujo, principalmente, que Meléndez Morales no tenía derecho a acumular horas trabajadas en exceso de la jornada laboral, debido a que ocupaba una posición con funciones administrativas y de supervisión, que lo privaba del derecho a recibir paga por horas extras trabajadas. Meléndez Morales se opuso, quedando la cuestión sometida.

En la fecha antes indicada, el TPI accedió a desestimar la demanda, por los fundamentos aducidos por el ELA. Determinó, esencialmente, que Meléndez Morales ocupaba el puesto de Comandante de Área de San Juan al cesar en la Policía y que éste era un puesto administrativo y de supervisión al que no le aplicaba las disposiciones que autorizan a los empleados a que se le paguen las horas extras trabajadas.

Al apelar la sentencia antes indicada y en su alegato, Meléndez Morales le imputa al TPI haber incidido al dictaminar sumariamente que no tenía derecho a cobrar el tiempo compensatorio que no disfrutó; al interpretar

que la Ley Núm. 88 del 7 de julio de 1985 y la Orden General 86-7 no autorizaban a pagarle al apelante las horas extras que acumuló en exceso de la jornada legal de trabajo, y al resolver que fueron actuaciones ilegales que no generan derecho que justifique el remedio que el apelante solicita que el Superintendente, Lcdo. Pedro A. Toledo, le hubiese pagado a otros oficiales con funciones administrativas y de supervisión el tiempo compensatorio acumulado.

Por su íntima relación, consideraremos conjuntamente los primeros dos señalamientos de error y, separadamente, el tercero.

## II

El TPI desestimó sumariamente la reclamación que formulara Meléndez Morales al concluir como cuestión de derecho que por ser éste un Teniente Coronel de la Policía y ejercer las funciones administrativas y de supervisión de su cargo, estaba exento de la aplicación de aquellas disposiciones que le reconocen a los policías el derecho a que se les compense las horas extras trabajadas en exceso de la jornada regular de trabajo.

Apoyó, principalmente, esta decisión en las siguientes fuentes:

*"1. El Artículo 18 de la Ley Núm. 26 del 22 de agosto de 1974, la Ley de la Policía vigente al 15 de marzo de 1993, fecha en que el apelante terminó de laborar para la Policía. Esta no le reconocía a los miembros de la Policía que prestaban servicios de naturaleza administrativa, ejecutiva y de supervisión, entre otros, el derecho a que se le pagaran a razón de tiempo y medio, las horas que trabajaran en exceso de la jornada regular de trabajo de 8 horas diarias o de 40 horas semanales.*▪

*2. La Sección 19.2 del Reglamento de Personal de la Policía de Puerto Rico aprobado el 4 de mayo de 1981 por el Superintendente de ese cuerpo.*

*3. La Orden General 86-7 emitida el 28 de abril de 1986 por el Superintendente de la Policía en esa fecha.*

*4. En la naturaleza y atribuciones de los rangos en la policía, según definidos en el artículo 12 de la Ley Núm. 53 del 10 de junio de 1996, 25 L.P.R.A. sec. 3111, la actual Ley de la Policía.*

*5. La definición de las funciones del puesto de Comandante de Área incluidas en la Orden General Número 86-10 emitida por el Superintendente de la Policía."*

El Artículo 18 de la Ley Núm. 26 del 22 de agosto de 1974, definía la jornada legal de trabajo de un miembro de la Policía y a quien aplican estas disposiciones, en los siguientes términos:

*"Jornada de trabajo:*

*(a) La jornada legal de trabajo de la Policía de Puerto Rico será no mayor de ocho (8) diarias, ni mayor de cuarenta horas a la semana. Los miembros de la Policía que presten servicios de naturaleza administrativa, ejecutiva u de supervisión y los que estén sometidos a cursos de entrenamiento ofrecidos o auspiciados por la Policía, estarán excluidos de las disposiciones de este inciso, correspondiendo al Superintendente de la Policía la fijación de sus respectivos horarios de trabajo, tanto diaria como semanalmente y la concesión de días libres.*

*(b) Todo miembro de la Policía que trabaje en exceso de la jornada legal establecida en el inciso (a) de esta sección, tendrá derecho a que se les pague las horas trabajadas en exceso de tal jornada a razón de tiempo y medio.*

*(c) El jefe de la unidad de trabajo llevará un registro de asistencia para cada miembro de dicha unidad en el que se registrarán las horas regulares y extras trabajadas por dichos miembros, certificará semanalmente el total de horas trabajadas por cada miembro y expresará el nombre del oficial que autorizó a trabajar horas en exceso de la jornada legal de trabajo y la justificación para así autorizarlas, cuando así fuere el caso. Corroborada la certeza de la información contenida en dicha certificación, el miembro de la Policía vendrá obligado a firmar dicho registro de asistencia."* (Énfasis nuestro)

En segundo término y en armonía con la anterior disposición, la Sección 19.2 del Reglamento de Personal de la Policía de Puerto Rico ■ aprobado el 4 de mayo de 1981 por el Superintendente de la Policía para la administración de su personal, establecía lo siguiente:

*"Jornada de Trabajo para Miembros de la Fuerza;*

*1. Excepto en los casos de fuerza mayor o emergencia que más adelante se disponen, la jornada legal de trabajo de la Policía de Puerto Rico será no mayor de ocho (8) horas diarias y no más de cuarenta (40) horas a la semana. Sujeto a lo que más adelante se dispone, **los miembros de la Policía de Puerto Rico que prestan servicio de naturaleza ejecutiva, administrativa, o en oficina, y los que estén sometidos a cursos de entrenamiento ofrecidos por la Policía o auspiciados por dicho Cuerpo, estarán excluidos en(sic) las disposiciones de este inciso,** correspondiendo al Superintendente la fijación de sus respectivos horarios de trabajo, tanto diaria como semanalmente y la concesión de días libres.*

*2. Si por cualquier razón algún miembro de la Policía de Puerto Rico trabajare en exceso de la jornada legal aquí establecida, se le concederá licencia compensatoria a razón de un (1) día por cada ocho (8) horas trabajadas. Dicha licencia compensatoria se concederá en la fecha más próxima posible dentro de un año, a partir de la fecha cuando hubieren sido trabajadas."* (Énfasis nuestro.)

En tercer término, el 28 de abril de 1986, la Policía aprobó la Orden General 86-7. En ésta reiteró que los miembros de la Policía en funciones administrativas y ejecutivas no acumulaban horas extras. Disponía que el personal exento era aquél cuyas funciones y condiciones de trabajo corresponden a la de un Ejecutivo, Administrativo o Profesional, según se definen estos términos; que los límites fijados para la jornada de trabajo dispuestas para la Policía de Puerto Rico no serán aplicables a dicho personal, por lo que están excluidos de las disposiciones referentes a la acumulación y pago de horas extras.

A tales fines, dispuso que un ejecutivo es cualquier empleado que reúna los siguientes requisitos:

*"a. Que tenga por deber primordial la dirección de la Policía de Puerto Rico o de una subdivisión de la misma.*

*b. Que usual y regularmente dirija el trabajo de dos (2) empleados o más de una subdivisión de la Policía de Puerto Rico.*

*c. Que tenga autoridad de emplear y despedir empleados, o cuyas sugerencias o recomendaciones sobre el empleo, despido, mejoramiento, ascenso o cualquier otro cambio en el status de éstos pueda recibir especial consideración;*

*d. Que usual y regularmente ejerza facultades discrecionales."*

En cuarto lugar, el Artículo 12 de la Ley Núm. 52 del 10 de junio de 1996, *supra,* dispone en cuanto a los rangos lo siguiente:

*"(a) Los rangos de los miembros de la Policía serán los siguientes:*

*(1) Cadete- Miembro de la Policía...*

*(2) Agente de la Policía - Miembro de la Policía...*

*(3) Sargento- Agente de la Policía que haya sido ascendido a Sargento luego de haber aprobado los exámenes, cumplido con los requisitos conforme a la reglamentación establecida por el Superintendente y que como mínimo posea un Grado Asociado, otorgado por un colegio o universidad certificada o acreditada por el Consejo de Educación Superior de Puerto Rico. **El rango de Sargento constituye la primera línea de supervisión en el sistema uniforme de rangos en la Policía de Puerto Rico.***

*(4) Teniente Segundo...*

*(5) Teniente Primero...*

*(6) Capitán...*

*(7) Inspector...*

*(8) Comandante...*

*(9) Teniente Coronel - Comandante que haya ascendido al rango de Teniente Coronel mediante designación hecha por el Superintendente con la confirmación del Gobernador, según la sec. 3104(e) de este título y que como mínimo posea una Maestría o su equivalente, otorgado por un colegio o universidad certificada o acreditada por el Consejo de Educación Superior de Puerto Rico.*

*(10) Coronel...".* (Énfasis nuestro.)

Ahora bien, tal y como indica el TPI, estas disposiciones de ley y reglamentarias que excluyen al personal ejecutivo y administrativo del pago por horas extras, no son únicas de la Policía de Puerto Rico. Este principio es el mismo adoptado en la Ley de Salario Mínimo de Puerto Rico, Ley Núm. 96 de 26 de junio de 1956, y en la Ley de Horas y Días de Trabajo de Puerto Rico, Ley Num. 379 de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. sec. 271 *et. seq.*, que excluye a los ejecutivos, administradores y profesionales del término empleado. *Almodóvar v. Margo Farms Del Caribe, Inc.*, 148 D.P.R. 103 (1999). Igual disposición se incluye, además, en la Ley Federal de Normas Razonables del Trabajo, 29 U.S.C. sec. 201 *et. seq.*, *Santiago v. CORCO*, 114 D.P.R. 267, 268 (1983).

Analizadas desapasionadamente, es evidente de las disposiciones legales, reglamentarias y administrativas antes citadas, que los miembros de la fuerza policíaca que prestan servicio de naturaleza ejecutiva, administrativa, o de oficina, principalmente los oficiales como los Tenientes Coroneles, están excluidos de las disposiciones que autorizan el pago de las horas extras acumuladas al resto del personal.

Desde el rango de sargento, la primera línea de supervisión en el sistema uniforme de rangos que opera en la Policía, la supervisión y las funciones administrativas forman parte del cargo. En el caso de un Teniente Coronel en funciones de Comandante de Área, como el apelante, es absurdo plantear que no realiza funciones administrativas o de supervisión.

El Reglamento de Personal de la Policía define Área como la organización operacional de mayor envergadura que tiene la Policía en términos geográficos y divide toda la extensión territorial de Puerto Rico en

nueve (9) áreas que están dirigidas cada una por un Comandante de Área, nombrado por el Superintendente de la Policía.

En cuanto al puesto de Comandante de Área, la Orden General Número 86-10 emitida por el Superintendente de la Policía que obra en el expediente define sus funciones. En ésta, se describen los deberes del aludido cargo, los cuales incluyen: la dirección, supervisión, coordinación y control de la operación de campo, operación de investigaciones criminales, servicios de relaciones con la comunidad y las funciones administrativas de oficina.

Tales exclusiones del beneficio laboral deben interpretarse restrictivamente, debido a que extender la exclusión a aquellos empleados que no estén claramente incluidos en ella constituye *"un abuso del proceso de interpretación o una frustración de la voluntad expresada por el pueblo"*. *Calderón v. Esso Standard Oil Co.,* 92 D.P.R. 129 (1965); *Piñan v. Mayagüez Sugar Co.,* 84 D.P.R. 89, 97 (1961); *Sierra, Comisionado v. Llamas,* 73 D.P.R. 908, 916 (1952).

## III

Como resolvió el TPI y bien señala el ELA, durante el tiempo que acumuló las horas por las cuales reclama compensación, el Apelante ostentaba el rango de Teniente Coronel en el puesto de Comandante del Área de San Juan. Según las funciones descritas en la Orden General Número 86-10, tenía la dirección, supervisión, coordinación y control de la operación de campo, operación de investigaciones criminales, servicios de relaciones con la comunidad y las funciones administrativas de oficina. Conforme concluyó el TPI en su sentencia, el apelante ejercía esas funciones al dirigir las operaciones de campo de una de las nueve comandancias de área en las que está dividido todo Puerto Rico.

Claramente, las disposiciones de la ley y el Reglamento, excluyen de la definición de la jornada legal de trabajo, a los miembros de la fuerza policíaca que prestan servicios de naturaleza ejecutiva, administrativa, supervisión o de oficina. Así, están exentos de las disposiciones que le permiten acumular horas extras y reclamar su pago en tiempo compensatorio o efectivo.

En esas circunstancias, coincidimos con el TPI que al apelante no se le pueden pagar las horas extras que reclama porque las funciones que ejercía en su puesto y los deberes de su rango están excluidos de las disposiciones que definen la jornada regular de trabajo para los miembros de la Policía. Ello no está en controversia. Como cuestión de realidad, en la declaración jurada que prestó el 30 de enero de 2003 y que sometió en apoyo de la moción de reconsideración que presentó para que el TPI reexaminara la sentencia apelada, Meléndez Morales indicó que las 3,190 horas acumuladas fueron por trabajos que realicé en el campo en labores de protección y seguridad durante altas horas de la noche y madrugadas, *"dando respaldo al personal en la calle, destacando contingentes e inspeccionando puesto de trabajo"*, aunque en otra parte expresó que no realizó funciones ejecutivas o administrativas.

Los primeros dos errores no se cometieron.

## IV

Por último, en su alegato y en apoyo a su reclamo, el apelante argumenta que en circunstancias similares a la suya, otros Superintendentes le han pagado horas extras acumuladas, al momento de la terminación de sus empleos, a otros oficiales de la policía. Sostiene también que ya un Superintendente le había autorizado que se le compensara las horas extras mediante la concesión de tiempo compensatorio. Somete que el TPI incidió al resolver que constituyó un ejercicio de la discreción del Superintendente, Pedro A. Toledo, concederle el pago de tiempo compensatorio a otros coroneles y al Superintendente Auxiliar; al resolver que esas concesiones fueron nulas y, que la revocación dispuesta en 1992 por el Superintendente, Lcdo. Pedro A. Toledo, en 1992 y durante el periodo de transición fue ilegal porque no se le notificó. Se refiere a que el Superintendente Toledo

revocó la autorización que el Superintendente Betancourt y Lebrón le dio al apelante para que éste cobrara el tiempo compensatorio acumulado. Finalmente, sostiene que una vez el ELA reconoció y comenzó a pagarle al apelante el tiempo compensatorio que éste había acumulado, el derecho a recibir ese pago subsistía, aun después que Meléndez Morales se retirara.

Coincidimos con el TPI que estos planteamientos son inmeritorios en derecho. Conocido es que a las agencias de gobierno no les aplica la doctrina de los actos propios o impedimento. *Del Rey v. Junta de Planificación,* 107 D.P.R. 348 (1978); *Mendoza v. Asociación,* 94 D.P.R. 564 (1967). Cuando una agencia comete un error en la aplicación de la ley, dicha actuación no es válida. *E.L.A. v. Rivera,* 88 D.P.R 196 (1963); *Infante v. Tribunal Examinador de Médicos,* 84 D.P.R. 308 (1967).

La Policía no está obligada a perpetuar un error, por el hecho de que antes haya pagado mal a otros policías. En otras palabras, no está obligada a pagarle al demandante, en contra del derecho que antes hemos expuesto. Tampoco está obligada a liquidar en efectivo el balance de horas extras que el apelante no pudo disfrutar, porque optó por renunciar antes de terminar de disfrutar de los días compensatorios que erróneamente y contra derecho que le habían concedido y aceptar un puesto en el Municipio de Carolina.

Acceder a lo que solicita Meléndez Morales, sería convalidar indirectamente el mismo acto ilegal de autorizarle el pago de las horas extras en tiempo compensatorio, pues como cuestión de ley y reglamento, el apelante no tenía derecho tampoco a tiempo compensatorio.

Desde esa perspectiva, la autorización del entonces Superintendente Betancourt y Lebrón para que el apelante disfrutara del tiempo compensatorio acumulado, no podía gozar de una presunción de legalidad. Debido a ello, el ELA no tenía que aportar prueba alguna para refutarla.

De rigor es señalar que el 10 de junio de 1996 se aprobó la Ley Núm. 53, *supra.* Esta ley estableció un nuevo orden para el Cuerpo de la Policía y derogó la Ley Núm. 26, *supra.* El Artículo 10, 25 L.P.R.A. Sec. 1309, recoge lo establecido en la derogada Ley Núm. 26, *supra,* y reiteró la anterior política pública de que no se le permite acumular horas extras a los miembros de la Policía que presten servicios de naturaleza administrativa, ejecutiva y de supervisión. Los demás miembros de la Policía que trabajen en exceso de la jornada establecida, tienen derecho a que se les pague las horas trabajadas en exceso de tal jornada a razón de tiempo y medio. Dispuso, además, que todo miembro de la Policía que trabaje en exceso de la jornada legal tendrá la opción de sustituir el pago en metálico de las horas extras a que tenga derecho por su equivalente en tiempo compensatorio. 3 L.P.R.A. sec. 1309(a). Claro está, contempla que los miembros de la Policía vendrán obligados a trabajar en exceso de la jornada legal de trabajo aquí establecida, tan sólo en los siguientes casos: (1) En caso de fuerza mayor o emergencia, tales como terremotos, incendios, inundaciones, huracanes, períodos eleccionarios, motines y cualesquiera otros que fueren declarados como tales por el Gobernador; y (2) cuando por necesidad del servicio y para beneficio del servicio público, ello fuere necesario, según lo determine el Superintendente. 25 L.P.R.A. sec. 1309 (c).

El 10 de noviembre de 1997, la Policía enmendó la Orden General Núm. 86-7, a los efectos de incorporar las disposiciones de la Ley Num. 53, *supra,* y excluir a todo oficial con rango de Sargento en adelante del pago de horas extras y tiempo compensatorio.

## V

Por los fundamentos antes expuestos, se confirma la sentencia sumaria apelada.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau<br>
Secretaria General

**ESCOLIOS 2004 DTA 111**

**1.** La Policía de Puerto Rico es un administrador individual, como tal, con sujeción a las disposiciones de la Ley de Personal y otras aplicables, y tiene la responsabilidad de administrar directamente y con cierta autonomía todo su personal. *Carle García v. Supte. de la Policía*, 114 D.P.R. 667, 671 (1983). Véase también *Torres Arzola v. Policía de Puerto Rico*, 117 D.P.R. 204, 210 (1986).

**2.** La Ley de Personal del Servicio Público, Ley Núm. 5 del 14 de octubre de 1975 (Ley 5), 3 L.P.R.A. sec. 1301 *et seq.*, designó a la Policía como un administrador individual de su personal. 3 L.P.R.A. sec. 1343. Como tal, está facultado para aprobar y administrar un Reglamento de Personal para la Policía que regirá los asuntos de su personal. 3 L.P.R.A. sec. 1347.